BLAIR & GANTT vs. RANKIN.

1. The assignor of a lease is not liable to the assignee for a breach of the covenants in the lease by the original lessor.

2. The words "grant" or "demise," used in the assignment of a lease, do not create an implied covenant against the assignor.

3. Where, by the terms of a lease, it is covenanted that the land is subject to a payment of a certain sum per annum, and no *more*, it is no breach that there was, at the time, a right of dower in the land which afterwards becomes an incumbrance to the extent of the annual value of such dower.

ERROR to St. Louis Circuit Court.

GANTT, *for Plaintiffs in error, insists:*

1st. That the word "grant" implies a warranty in a deed conveying a chattel interest in lands. Spencer's case, 5 Coke R. 17 a., 18 a.; Clark vs. Swanson, 1 Ves. 100; Iggulden vs. May, 9 Ves. 330; Style vs. Hearing, Cro. Jac. 73; Person vs. Jones, 2 Roll. 399; same case, Palm. 388; Frost et al. vs. Raymond, 2 Caines' Rep. 188; Graunis vs. Clark, 8 Cow. 36; Co. Lit. 384, a.; Butler's note, 332; 2 Ld. Raymond 1419; Coleman vs. Sherman, Carth. 98; 1 Mod. 113; 4 Coke 80, b.; Cro. Eliz. 675; 2 Sugden on Powers, 105, (top paging.)

2nd. The word "grant" is a word of conveyance, whether the subject be an *original grant* or an *assignment* of a chattel interest in land, will produce the same effect of raising a covenant by construction of law; Platte on Covenants p. 48, (side paging,) and cases there cited; Person vs. Jones, 2 Roll. 399; Same case, Palmer, 388; Proctor vs. Johnson, Yelv. 175, *in notis;* 2 Sugden on Vendors, 105, (top paging;) Buller's *nisi prius*, 157; Bacon's Ab. p. 65, tit. Covenant, (B,) and marginal note.

*Blair & Gantt vs. Rankin.*

3rd. That the words of conveyance, "to have, to hold, &c., unto the said Blair & Gantt, and their assigns forever, subject, however, to the payment of the sum of twenty-two dollars per annum, *and no more*, payable quarterly as ground rent to the said Board, &c.," are an express covenant on the part of Rankin that the land assigned was subject to no other incumbrance than that in favor of the schools. See Platte on Covenants, p. 33, (side paging;) 1 Leon. Bishop vs. Redman, 277; Yelverton, 175, Proctor vs. Johnson.

GAMBLE & BATES, *for Defendant in error.*

The declaration is ill, and the demurrer to it was rightly sustained—because:

1st. The instrument sued on, being an assignment of a lease for years, and containing no express covenant, the words *"grant, bargain and sell,"* do not make any covenant under our Statute, (R. C. 1825,) for that is confined to estates of inheritance only.

2nd. The words, grant, bargain, sell, in this assignment of a lease for years, do not make a covenant from the *assignor* to the *assignee*, either by force of the statute, or at common law.

In Waldo vs. Hall, 14 Mass. Rep. 486, it is held, that although the word *grant* used in a lease for years, has been construed into a covenant as between *lessor* and *lessee*, yet it has never been so understood as between *assignor* and *assignee* of the lease.

And for the same purpose, we cite Shepherd's Touchstone, 160–165. And also to show that such covenant applies only to the lessor himself, and such as claim under him, and not to acts done or suffered by prior owners.

Most of the learning on this subject may be found in Frost et al. vs. Raymond, 2 Caines' (N. Y.) T. R. 188; and we think it directly to this point. The opinions of Kent & Livingston collate the authorities, and reason the matter at large. Browning vs. Wright, 2 Boss. & Pull. 20; not the principle only, but also the reasoning of the three judges.

3rd. The words in the *habendum* clause of the deed of assignment, ascertaining and limiting the amount of ground-rent to be paid annually to the original lessor—the Board of Public Schools —do not make any covenant at all; and certainly do not make a covenant against incumbrances, as charged in the declaration. 8 Mo. Rep. 667; Ferguson vs. Dent.

The *ground rent* reserved, is not an *incumbrance* on the lease hold estate. It is the consideration of it—part of its very nature and essence, and in the contemplation of all parties, from the beginning. And the clause in question refers to the rent, and to nothing else—"no more" rent.

4th. The declaration is bad, for varying from the deed sued on.

SCOTT, J., *delivered the opinion of the Court.*

Rankin, having become the purchaser of a lot of ground in St. Louis, leased by the Board of President and Directors of Public Schools to Jas. P. Spencer for fifty years, by deed, assigned a portion of said lot to Blair & Gantt, by these words : "Do grant, bargain, sell, transfer, assign and convey unto the said Blair & Gantt, their heirs and assigns, the unexpired term of a lease for fifty years, &c." There was also a recital in the lease that the lot assigned was subject to the payment by the said Blair & Gantt of the sum of $22 per annum, and *no more*, payable quarterly, as ground rent to the said Board of President and Directors.— Rankin purchased the lot of the administrator of Spencer, and Spen-

cer's wife, being entitled to dower in it, brought suit to recover the same, and the lot not being susceptible of division by the judgment of the court, a yearly sum was allowed the widow in lieu of dower together with damages for the detention of the same and costs. A count in a declaration in covenant on the words of the assignment setting forth the above facts as a breach, and a count assigning as a breach that the premises were subject to the payment of a greater sum than $22 per annum, were demurred to, and the demurrer sustained.

The principal question in the case is, whether Rankin, having merely assigned the lease, is liable on any implied covenant therein. It is admitted, that the words of the assignment create only an impled covenant, if any at all. Nor can it be denied, but that the assignor would have been liable on an express covenant. An action of covenant lies against a lessee upon an express covenant after assignment and acceptance of the assignee, yet it seems that such action does not lie against the lessee upon a *covenant in law* (such as the words yielding and paying, demise, grant, which are covenants in law both by the lessor and lessee) after assignment and acceptance of the assignee. 1 Saun., 241, b. In Spencer's case, 5 Coke, 17, a, it is said, if a man makes a lease for years, the words *concessi* or *demisi* implies a covenant. In Shepherd's Touchstone, 266, in defining a lease it is said, a lease doth properly signify a demise or letting of lands unto another for a lesser time than he that doth let it, hath in it. For when a lessee doth grant over all his estate or term unto another, this assurance is more properly called an assignment than a lease. To the same effect and more pointed is the language in Coke, 2nd vol., 66.

Although the word grant or demise, will in a *lease* create an implied covenant, against the lessor, yet it is no where said that the same words will in an assignment create an implied covenant against the assignor.— The object and intent of the parties in making an assignment is to put the assignee in the place of the lessee, and when that is done, the assignee ceases to have any further concern with the contract unless he has bound himself by express covenants. This is the view of the question that was taken by the court in the case of Waldo vs. Hall, 14 Mass., 486, and the court says, "we can find no case of an action by an assignee against an assignor, upon a *covenant in law* for an eviction in consequence of an act done by the original lessor." It must be admitted that the dicta of Sugden, Buller, and some of the more ancient authors, create some doubt in relation to this matter. But they refer to no case in support of their doctrine.

Under these circumstances, we do not feel at liberty to disturb the judgment of the court below. There being doubt, and the law for the defendant being supported by as great, if not greater weight of reason than that urged for the plaintiff, there is no principle on which this court can interfere. Where the law is doubtful as to which of two parties equally innocent, shall sustain a loss, every principle of justice restrains a court from taking it from the one on whom it has fallen, and placing it on the other. There is no hardship in the view we have taken of this matter. It is in the power of the assignee to secure himself by express covenants. If this question was now to be determined for the first time, if we were at liberty to make the law, we would not alter it as declared in the case cited from Massachusetts.

Admitting the recital in the covenant that the lot was subject to the payment of $22 per annum and *no more*, was a covenant, the existence of the incumbrance did not constitute a breach of it. The covenant is, that the lot is not subject but to the payment of a particular sum, and no more. Now, the dower to which the widow was entitled was not money at the time of the execution of the assignment. It was an interest in the lot itself, and the circumstance, that that interest was afterwards commuted for money, cannot have the effect of changing the covenant so as to make that a breach of it, which was not so at the time of its execution. It is clear that the object of the recital was only to specify the amount of the ground rent due to the Board of President and Directors of the Public Schools.

The judgment will be affirmed, the other Judges concurring.