## CONSIDERATION FOR ASSIGNMENT OF A LEASE.

Circuit Court of Cuyahoga County.

EMIL LEUCHTAG V. PHILIP SCHAEFER ET AL.

Decided, November 9, 1910.

*Landlord and Tenant—Assignment of Lease—Implied Warranty of Landlord's Title.*

An implied warranty as to the lessor's title or right to demise, goes with an assignment of a lease.

*Benesch & Kornhauser,* for plaintiff in error.
*Lang, Cassidy & Copeland,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

The question for review in this case is whether a demurrer to the petition filed in the case below was properly overruled.

The petition asks that Leuchtag, who was defendant in the case, be restrained from transferring certain notes delivered to him by the Schaefers as part consideration for the assignment of a lease and that the notes be canceled on the ground that the consideration thereof had failed.

The allegations in this respect are that on April 16, 1907, one Patrick Fitzgerald executed the lease in question to one John Kofron for a term of four years. Thereafter Kofron assigned the lease to the defendant Leuchtag, and he in turn on April 1, 1909, duly assigned all his interest in the lease to the Schaefers.

Fitzgerald's interest in the property terminated October 1, 1909, whereupon the real owners of the property demanded possession of the premises.

The demurrer to the petition raises the question whether any implied warranty as to the lessor's title or right to demise goes with an assignment of a lease, counsel for plaintiff in error claiming that the only things which Leuchtag, in this case, warranted, were that *his* title to the lease which Fitzgerald had made was good and that the paper was genuine and not a forgery. He says that the Schaefers should sue Fitzgerald and not him.

The question does not seem to have been settled in Ohio, but we have a dictum, in the case of *Wetzell* v. *Richcreek,* 53 Ohio St., 62, 69, which so clearly sets forth the view of the Supreme Court upon this subject, that we feel constrained to follow it, until that court passes squarely upon the matter.

That dictum is as follows:

"It is held by some authorities, that no covenants are implied in the assignment of a lease. *Waldo* v. *Hall,* 14 Mass., 486; *Blair* v. *Rankin,* 11 Mo., 442. Other authorities, however, maintain the contrary doctrine. Thus, in *Souter* v. *Drake,* 5 B. and Ad., 992-1002, it is said by Lord Denman that 'unless there be a stipulation to the contrary, there is, in every contract for the sale of a lease, an implied undertaking to make out the lessor's title to demise, as well as that of the vendor to the lease itself, which implied undertaking is available at law, as well as in equity.'' This would seem to be the better rule, because, it can hardly be supposed to be the intention of one party to purchase, or of the other to sell the mere instrument of lease without any beneficial interest under it, but rather that the subject of the purchase and sale is the right to enjoy the term purported to be demised, and all the benefits which it stipulates to confer on the lessee.''

The common pleas court evidently adopted the view thus expressed and overruled the demurrer. We are disposed to do the same without further consideration of the conflicting cases from other jurisdictions, the cases relied upon by counsel for plaintiff in error being mentioned in said dictum, as not expressing the better rule.

Judgment affirmed.