* This is covenant by an assignee against an assignor, upon an implied covenant in law, for an eviction by an elder title derived from the original lessor. And the Court are of opinion that the action does not lie. For, 1. It appears the intent *416 of the parties only to assign the term. The assignment being written upon the lease, the assignor says he assigns “ the within-mentioned premises for the term mentioned in the lease, Waldo, the assignee, performing all the covenants; ” which seems intended merely to put the assignee into the place of the assignor, with all benefits and burdens attending the original lease ; whereby there becomes the same privity in general between the assignee and the original lessor as between the lessee and the lessor; and the inherent covenants go with the lands, in whose hands soever the lands come.
2. There is no instance produced, nor can we find any, of an action by an assignee against an assignor, upon a covenant in laiv, for an eviction in consequence of an act done by the original lessor; although there are express resolutions that it lies for "the assignee against the assignor upon express covenants.
In the case of an under lease for a less term than the original term, reserving rent to the lessee, without any reference to or notice taken of the original lease, there it is the same as an original lease between the parties, and the first lessee may have debt for rent against his lessee, or distrain. But the case is totally different upon a bare assignment of a term. Vide 3 Bac. Abr. 398, 399; and, among other authorities, Spencer's case, 5 Co. 16, where, by the fourth resolution, by the word concessi, or demisi, the assignee of lessee, if evicted, shall have covenant against the lessor ; but no intimation that he may have it against assignor. Again, 3 Lev. 233, if A leases to B, rendering rent, and B covenants to pay it; and after B assigns to C, and A grants the 'reversion to D, and D after accepts rent from C ; yet for non-payment at another day, D may have an action against B, the lessee, it being upon an express covenant; which seems to imply that, without an express covenant, the action against the lessee was gone after assignment. And although that was in case of a reversioner, and not of an assignee against the assignor, yet it tends to illustrate the general doctrine, that an assignment alters and transfers the * privity of contract from the original parties, founded merely upon implication of law.
The case being decided upon the first exception, no opinion was given upon the second.