## FOSTER v. REID AND GARDNER.

1.  **Landlord and Tenant: LANDLORD'S LIEN: SUBTENANT.**  Where a subtenant knows that his lessor is a tenant, he is chargeable with notice of the terms of his lessor's lease; and, where the lease gives the landlord a lien on all the crops grown on the land to secure unpaid rent, such lien will attach to the crops raised by the subtenant. (See *Fejavary v. Broesch*, 52 Iowa, 88.)

2.  ———: ———: ACTION TO ENFORCE: INTERVENTION OF SUBTENANT: EVIDENCE.  Where a subtenant intervenes in an action by a landlord to enforce a landlord's lien, and sets up that all rent has been paid, and that the action is collusive and fraudulent, he has the burden to establish such averments.

*Appeal from Page District Court.*—HON. GEORGE CARSON, Judge.

## FILED, JUNE 7, 1889.

THIS action was commenced by M. L. Foster to recover rent due from her tenant, G. W. Criner, and to enforce a landlord's lien therefor.  Judgment by default was rendered in favor of plaintiff, and against Criner, on the thirteenth day of November, 1887.  The property in question, to-wit, all corn on the leased premises, was seized under a writ of attachment in favor of plaintiff on the thirteenth day of October, 1887, and a special execution was issued to satisfy the judgment.  On the nineteenth day of December, 1887, Reid and Gardner filed their petition of intervention, claiming a part of the corn levied upon.  A trial was had on the issues raised by the petition of intervention.  After the evidence was fully submitted, the court instructed the jury to return a verdict for plaintiff, and a verdict and judgment were rendered in her favor.  Intervenors appeal.

*Jas. McCabe*, for appellants.

*C. S. Keenan*, for appellee.

ROBINSON, J.—Appellants were subtenants of Criner as to a portion of the premises leased to him for the year 1887. They knew that he held the premises under a lease from plaintiff, but claim to have been ignorant of its terms. That lease was for the term of four years from the first day of March, 1885, and provided that Criner should pay a rental of two hundred dollars on the first day of March of each year. It also provided that the premises leased should not be sublet, neither in whole nor in part, without the written consent of lessor, and that she should have a "lien for rent at any time remaining unpaid" upon certain personal property of Criner and upon all "crops to be grown."

I. Appellants claim that the proof does not show that plaintiff is entitled to the corn in controversy. The

1. LANDLORD and tenant: landlord's lien: subtenant.

lease from plaintiff to Criner was proven, and admitted in evidence. The judgment against Criner was *prima-facie* evidence of the amount due thereon, and was not in any manner attacked. Intervenors, having knowledge that their lessor was a tenant of plaintiff, were chargeable with knowledge of the terms by which he held, and are bound by them. Criner's lease gave to plaintiff a lien upon crops grown upon the leased premises "for rent at any time remaining unpaid." *Fejavary v. Broesch*, 52 Iowa, 88.

II. The petition of intervention alleges that nothing was due to plaintiff from Criner; that any indebt-

2. ——: ——: action to enforce: intervention of subtenant: evidence.

edness which had existed had been paid; and that the action against Criner was prosecuted through collusion between him and plaintiff to defraud his creditors, and to wrongfully appropriate the property of intervenor. The burden of proof as to these allegations was upon intervenors, but they fail to sustain them by evidence sufficient to authorize the court to submit the issues they

tendered to the jury. The corn in controversy was raised upon the leased premises; and by the terms of the lease to Criner is subject to a lien for the unpaid rent. Intervenors failed to introduce evidence which even tended to show that it was exempt from such lien, and the action of the court in directing a verdict for the plaintiff was correct. Its judgment is therefore

AFFIRMED.