[No. 770.   Decided May 8, 1893.]

SEATTLE OPERATING COMPANY, *Appellant*, v. J. J. CAVA- NAUGH, HATTIE CAVANAUGH AND NICHOLAS KRIER, *Re- spondents*.

LANDLORD AND TENANT — UNLAWFUL DETAINER — SUFFICIENCY OF
EVIDENCE.

The verdict of the jury for defendant in an action of unlawful detainer will not be disturbed, where the relation of landlord and tenant is not clearly established by the evidence.  (HOYT, J., dissents).

*Appeal from Superior Court, King County.*

*Andrew F. Burleigh*, for appellant.

*Ronald & Piles*, for respondents.

The opinion of the court was delivered by

STILES, J.—The appellant, a corporation, brought an action of unlawful detainer under the act of March 27, 1890, to recover rent for, and possession of, a tract of land in the city of Seattle upon the tide flats in front of that city.   The premises in controversy, up to the time of the fire in 1889, had been occupied and used by the Columbia & Puget Sound Railroad Company, a corporation, which had theretofore wharfed over a portion of the tide flats which was occupied by its tracks, and other portions were used by it in connection with a saw mill, for the storage of

logs, making up of rafts, and unloading of scows, etc. After the fire the railroad company agreed with one Galligher to lease to him, or some one to be designated by him, a portion of the tide flat area claimed by it according to boundaries thereafter to be surveyed and established. The lease was to run for a term of years from a time to begin in the future. Before this lease was made, however, Galligher leased a portion, viz., that which is herein sued for, to the respondent J. J. Cavanaugh and another, who took possession and built a house on the premises. This lease to Cavanaugh was executed about December 11, 1889, and the lessees paid rent to Galligher until about November 30, 1890, from which time they refused to pay any rent.

The facts thus far would seem to bring the case within that of *Hall & Paulson Furniture Co. v. Wilbur*, 4 Wash. 644 (30 Pac. Rep. 665), were Galligher the plaintiff. But on January 1, 1890, the railroad company, at the request of Galligher, executed and delivered to the appellant a lease in writing for the term of five years; and, in October following, appellant sought to have the respondents Cavanaugh and wife accept from it a new lease. Negotiations begun to that effect in September or October, 1890, were continued for some time, and resulted in the execution of a lease by the operating company, and, as it is maintained by it, the acceptance of the lease by the Cavanaughs. Mrs. Cavanaugh was then in Texas. The lease was in duplicate, and was executed by her husband before it was sent to her. She executed it in Texas, and it was then returned by her to E. P. Edsen, esq., who was the attorney for herself and her husband in the transaction. Edsen did not deliver it to either party, but retained it in his possession. There were other facts which made it proper and necessary that the question whether the execution of this lease was ever consummated should be left to the jury. In view of the

fact that this was an action of unlawful detainer, it was necessary that the conventional relation of landlord and tenant should be clearly established between the parties before the jury could be able to say that the defendants were guilty.   The instructions of the court in this particular are not complained of, and, the question having been fairly submitted to the jury upon that point, we are not disposed to disturb the finding.

Judgment is, therefore, affirmed.

DUNBAR, C. J., and SCOTT, J., concur.

ANDERS, J., not sitting.

HOYT, J. (*dissenting*).—I am unable to agree in the affirmance of the judgment in this case.   If the lease made by the appellant was inoperative for want of delivery or acceptance by the respondents, the one made by Galligher still remained in force, and the appellant under all the circumstances of the case should be held to be the owner thereof, and entitled to enforce its terms as against the respondents, and as the proof showed a violation of the terms thereof a cause of action was established in favor of the appellant, and it should have had judgment in its favor.