[No. 1059.   Decided April 21, 1894.]

WILLIAM McLENNAN *et al.*, *Appellants*, v. J. M. GRANT *et al.*, *Respondents*.   ·

LANDLORD AND TENANT — WHEN RELATION ESTABLISHED — DE-
SCRIPTION OF PREMISES — ASSIGNMENT OF LEASE — UNLAWFUL
DETAINER — EVIDENCE.

The relation of landlord and tenant is established where the owner of premises permits another to take possession thereof for any determinate period.

Where tenants have entered into possession of premises under a contract of lease, neither they nor their assigns can repudiate the lease because of uncertainty in the description of the premises.

Any conveyance by a lessee of his whole interest in demised premises, leaving no reversionary interest in himself, operates as an assignment regardless of the form of the instrument of transfer; and a purchaser entering under such conveyance becomes a tenant of the lessor, although he may have had no notice that his grantor had merely a leasehold interest.

In an action of unlawful detainer against the assignees of a tenant, it is prejudicial error to permit proof that plaintiffs made no claim to the premises while defendants were in possession prior to the expiration of the term.

*Appeal from Superior Court, Clallam County.*

*Benton Embree* (*John Trumbull*, of counsel), for appellants.

*George C. Hatch*, and *W. R. Gay*, for respondents.

The opinion of the court was delivered by

ANDERS, J.—The appellants brought this action under the unlawful detainer act to recover from the respondents possession of certain real estate situated in the city of Port Angeles, described in the complaint as follows:

"Beginning at a point on the northerly side of Front street in said city, fifty feet in a westerly direction from the intersection of the northerly side of said Front street

with the westerly side of Laurel street in said city; thence in a westerly direction along the northerly side of Front street twenty-five feet; thence at right angles in a northerly direction about two hundred feet; thence at right angles in an easterly direction twenty-five feet; thence at right angles in a southerly direction to the place of beginning, embracing all of the lands north of said Front street upon which improvements are made.''

The complaint alleges that on the 1st day of February, 1889, the plaintiffs, being in possession of the property above described, entered into a certain contract or lease with one William Smythe and one Harry Coventon, whereby they agreed to demise, lease and rent unto said Smythe and Coventon, for the term of three years from the 1st day of March, 1889, up to and including the last day of February, 1892, the above described lands and premises, said lease or contract being in the words and figures following, to wit:

''PORT ANGELES, W. T., February 1st, 1889.

''For value received in advance, we, William McLennan and Mary Ann McLennan, hereby agree to rent to William Smythe and Harry Coventon, the house on Front street next to the Colony or Tourist hotel, corner of Front and Laurel streets, Port Angeles, W. T., with entire possession of the same, and all privileges and rights pertaining thereto, from first day of March, 1889, for three years, ending last day of February, 1892, and the building to be kept in good repair. If the above place is for sale within three years from the date of entry, the above named persons, William Smythe and Harry Coventon, are to have the preference right to buy.''

This agreement was signed by appellants and Smythe and Coventon, witnessed by two witnesses, but not acknowledged. The complaint further alleges that in December, 1889, Smythe and Coventon sold and assigned all their right, title and interest, by virtue of said lease, in and to said premises, to J. A. Rex & Sons, and that, thereafter, and before the termination of the said lease, Rex & Sons

sold and assigned all their right, title and interest therein to the respondent J. M. Grant, who thereupon entered into the possession of said premises both in person and by his sub-tenants, Harlow and Kemp, and refused to surrender such possession to the appellants after the expiration of said term. It is also alleged that Smythe and Coventon entered into the possession of said premises in accordance with the terms of said contract. The respondents answered by denying each and every of the allegations of the complaint, and upon these issues the cause was tried by a jury, resulting in a verdict and judgment for the defendants.

In support of the judgment, the respondents seem to contend that the lease was void for uncertainty of description, and, also, that there was not sufficient proof that the premises in possession of the respondents were the premises mentioned in said lease. But we are of the opinion that neither of these propositions can be sustained.

We think the testimony clearly shows that the premises mentioned in the lease are the same premises in controversy in this action. It is well settled that parol evidence is admissible to identify the subject matter of a contract, and such testimony was properly admitted in this case; and, besides, the testimony also shows that Smythe and Coventon entered into possession under their contract, and that being true they could not have repudiated the lease merely because of uncertainty in the description of the premises. Their taking possession of, and occupying and using, the premises showed that they fully understood what property was intended to be leased. *Bulkley v. Devine*, 127 Ill. 406 ( 20 N. E. 16 ). And if they are estopped, their assignees are also estopped for the same reason.

The testimony of the appellants shows that on the first day of February, 1889, and for some time prior thereto, they were in possession of certain buildings situated upon

the lot described in the complaint, such lot being a portion of the water front property in the said city of Port Angeles; that the said Smythe and Coventon proposed to appellants to lease the lot in question, and that they, Smythe and Coventon, be permitted to tear down the buildings upon the said lot, and erect another building thereon of the value of not less than five hundred dollars, and of which they, Smythe and Coventon, should have possession for the term of three years. This proposition was accepted by the appellants, and thereupon the written contract above set forth was signed by all of the said parties, and Smythe and Coventon proceeded to tear down the buildings thereon, and to erect the new building which had been agreed upon, which building, when completed, they occupied and used as a lodging house and restaurant for some months thereafter. This testimony of the appellants is substantially corroborated by both Smythe and Coventon.

The first question to determine is, whether the relation of landlord and tenant existed between the appellants and respondents at the time of the commencement of this action. Mr. Taylor, in his work on Landlord and Tenant, speaking of the facts necessary to create a tenancy, says:

"Any permissive holding is sufficient for the purpose, and may be contained in a series of letters, or in a brief memorandum of the contracting parties. And any phraseology will establish the fact from which it appears to have been the intention of one of the parties voluntarily to dispossess himself of the premises, and of the other to assume the possession, for any determinate period, whether the words made use of run in the form of a license, a covenant, or an express agreement." Taylor, Landl. & Ten. (8th ed), §26.

It is shown by the testimony in this case that Smythe and Coventon never at any time disputed the title of the appellants to said premises. On the contrary, the witness Coventon testified that had he and Smythe continued in

possession of the premises for the full term they would
have, at the end of the three years, surrendered possession
of the said building to the appellants.    It is true that
Smythe testified in effect that he did not enter into pos-
session by virtue of the lease; but the reason he gave for
so testifying appears to be a mere conclusion, and not the
statement of a fact.   It appears by the uncontradicted testi-
mony of all the parties to the lease that Smythe and Coven-
ton entered into the possession of the demanded premises
by permission of the appellants.   Smythe says that he and
Coventon agreed with the appellants to take down the
buildings then upon the premises, and erect a new build-
ing in lieu of rent, but that it was also agreed that appel-
lant McLennan was to assist in such work, and that when
they were proceeding with the construction of the building
he refused to do so; and from that fact he seems to have
concluded that he was not the tenant of the appellants.
The testimony of all the parties to the contract clearly es-
tablishes the fact that Smythe and Coventon were the ten-
ants of the appellants, or, in other words, that the relation
of landlord and tenant existed between them and the ap-
pellants.

Such being the case, the next question is, are the re-
spondents the assignees of Smythe and Coventon?   In
other words, do they hold the premises as their successors
in interest.   If they do, it is frankly conceded by the re-
spondents that they are estopped from questioning the
right of appellants to the possession of the premises in
question.   The respondents argue, however—or rather
the respondent Grant, who is the only real respondent—
that when he purchased the building in controversy of
Rex & Sons, he had no actual notice that the appellants
claimed to be the owners or entitled to the possession of
the same.   To constitute an assignee it is not necessary
that the instrument of transfer should be designated as an

assignment.  Any conveyance by a lessee of his whole interest in demised premises, leaving no reversionary interest in himself, operates as an assignment regardless of the form of the instrument of transfer.  Taylor, Landl. & Ten. (8th ed.), § 16; *Sexton v. Chicago Storage Co.*, 129 Ill. 318 (21 N. E. 920); *Craig v. Summers*, 47 Minn. 189 (49 N. W. 742).

In this case it appears that the lessees, Smythe and Coventon, sold, transferred and set over their entire interest in the premises to Rex & Sons, and that the latter by quit-claim deed transferred all their right, title and interest to the respondent J. M. Grant, or to his wife.  The respondent Grant is, therefore, an assignee of Smythe and Coventon, and as such is estopped from denying the title or right of possession of appellants.  Nor would it be material in this case if the respondent had no notice of the claim of appellants to the property in controversy, and the court so instructed the jury.

In *Jackson v. Harsen*, 7 Cow. 325, the court said:

"The law seems to be well settled, that when the relation of landlord and tenant is established, it attaches to all who may succeed to the possession, through or under the tenant, either immediately or remotely."

It is further said in the same case that, "where a tenancy exists, a purchaser who enters under an absolute conveyance in fee, from the tenant, is considered as entering as the tenant of the lessor; although he may not have known that his grantor held or derived his possession from the lessor."  See, also, Taylor, Landl. & Ten. (8th ed.), §§ 705–6; *Jackson v. Davis*, 5 Cow. 130.

From a consideration of all of the testimony in the record, we are of the opinion that the objection of appellants that the verdict was not supported by the evidence is well taken.  We think the overwhelming weight of the evidence is to the effect that Smythe and Coventon were

tenants of appellants.    In fact, we find no substantial evidence to the contrary.

It is further objected by appellants that the court permitted the respondents to prove that while they were in possession of the premises prior to the expiration of the term, the appellants laid no claim to the property.    This, we think, was prejudicial error.    The proofs having shown that the respondent Grant was the assignee of the original lessees, appellants could not in good faith make any lawful claim to the possession of the property until the expiration of the lease.    The effect of this testimony was to lead the jury to believe that because the appellants made no claim to the possession of the premises while Grant was in possession, and before the expiration of the time mentioned in the written agreement, their claim is made now in bad faith, or, in other words, is a mere afterthought.

Objections are also made to certain of the instructions to the jury.    The law of the case was correctly and lucidly given to the jury in the first five instructions of the court, and if the learned judge had then defined the meaning of the word tenant, as he thereafter did, and had then stopped, there could have been no objections to the instructions whatever.    The court having instructed the jury that if they found from the evidence that the relation of landlord and tenant existed between Smythe and Coventon and plaintiffs, and that the defendant Grant had possession of said premises by virtue of quitclaim conveyances, which conveyances simply conveyed the interest of said Smythe and Coventon in said premises, that the defendant Grant stood in the shoes of Smythe and Coventon and had no more or greater rights or interest than Smythe and Coventon had, regardless of the fact whether or not the defendant Grant had notice of such relation of landlord and tenant, proceeded to instruct the jury upon the question of the effect of such notice as to the rights of the respondents.

All of said instructions were unnecessary and useless, if not inconsistent with those previously given, and no doubt tended to confuse the minds of the jury. Some other objections are made to specific portions of the instructions, but we deem it unnecessary to discuss them at this time as we fail to see wherein the appellants were prejudiced thereby.

The judgment is reversed, and the cause remanded for further proceedings in accordance with this opinion.

DUNBAR, C. J., and HOYT, SCOTT and STILES, JJ., concur.