[No. 1573. Decided April 1, 1895.]

JAMES SHANNON et al., *Respondents*, v. I. J. GRINDSTAFF et al., *Appellants*.

UNLAWFUL DETAINER — NOTICE — PLEADING — NONSUIT — INSTRUCTIONS — LIABILITY OF SUBLESSEE.

In an action for the recovery of real property under the provisions of § 529, Code Proc., an allegation in the complaint that plaintiffs are the owners and entitled to the possession of the premises is sufficient without deraigning their title.

In such an action, there being no evidence tending to show the relationship of landlord and tenant between the parties, the defendant is not entitled to non-suit on the ground that there is no proof of the service of notice to quit.

A subtenant of premises cannot defeat the right of the owner to possession by the assertion of a contract existing between himself and the tenant, when the rights of the tenant have been terminated by the terms of the lease under which he held.

An instruction to the jury that defendants, who claimed to occupy certain premises as subtenants, were not entitled to notice from

plaintiffs to quit and surrender possession of the premises prior to the commencement of the action is harmless error, when the admissions of defendants show that a written demand for the possession and surrender thereof was served upon the husband at the house of defendants upon the premises, which they refused to surrender unless paid a certain sum for so doing, although the notice was not signed and did not fully describe the premises, and was served upon the husband alone without service on his wife.

*Appeal from Superior Court, Skagit County.*

*Frank Quinby,* for appellants.

*M. P. Hurd,* for respondents.

The opinion of the court was delivered by

GORDON, J.—Upon the verdict of a jury judgment was entered below in favor of the respondents for the recovery from appellants of possession of certain real estate (being about three acres), situated in Skagit county, and for costs.   Thereafter, a motion for a new trial having been overruled, the cause was brought to this court on appeal.

By stipulation of counsel the only questions submitted for our determination are, first, the refusal of the court to grant the appellants' motion for nonsuit; and second, an instruction to the jury that appellants were not entitled to notice from respondents to quit and surrender possession of the premises in dispute prior to the commencement of this action.   Notwithstanding this stipulation counsel for appellants in his brief urges that the complaint is insufficient to state a cause of action under the provisions of § 529 of the Code of Procedure.   In their complaint respondents allege that they are the owners, etc., of the premises, and we think this sufficient without deraigning their title.

There was nothing in the evidence at all tending to

show that the relation of landlord and tenant ever existed between the respondents, or their grantors, and the appellants, or that appellants ever had been recognized as tenants. Such being the state of the evidence, the motion for non-suit was properly denied.

Nor do we think that the court committed error in giving the instruction complained of. Appellants claim by virtue of an agreement for a sub-lease made with one Bonner, who was the tenant of respondents' grantors under a written lease duly recorded, which contained the following stipulation:

"Said second party covenents and agrees not to let or underlet the whole or any part of said premises *without the written consent of the said party of the first part*; and the first party *reserves the right to sell the said premises* upon making reasonable compensation for the unexpired term of said lease." .

There was no proof tending in any way to show, nor do appellants claim, that any written authority was ever given to Bonner to sub-let any portion of the premises to any person. They knew that Bonner, their lessor, was a tenant, and the law charged them with notice of the terms of their lessor's lease. *Foster v. Reid*, 78 Iowa, 205 (42 N. W. 649, 16 Am. St. Rep. 437). Hence, they are conclusively presumed to have known that Bonner had no right or authority to sub-let any portion of the premises to them without the written consent of the owner of the premises; and also that said owner reserved the right to make a sale of said premises and thereby terminate the lease.

It was a fact undisputed upon the trial, that upon respondents purchasing the premises, respondents' grantor settled with said Bonner and made full "compensation for the unexpired term of said lease;" and said Bonner, pursuant to demand and notice, removed

from said premises and surrendered the same to the respondents. It seems clear that Bonner could not confer upon appellants any greater rights than he himself possessed, and waiving the stipulation against subletting without written consent, etc., appellants have no standing here, for the reason that their lessor could have none. A contingency had arisen which was contemplated by the terms of the lease, and which operated to terminate it and entitled the landlord to possession. Between respondents or their grantors and the appellants their was neither privity of estate nor privity of contract. Appellants could not have been sued by respondents or their grantors upon Bonner's contract to pay rent, and it follows that the relation of landlord and tenant never existed between them. If, therefore, respondents, at the time of the commencement of this action, were entitled under the terms of their grantor's lease to Bonner to the possession of these premises, then appellants, as sub-tenants of Bonner, cannot defeat their right to possession by the assertion of any contract existing between themselves and Bonner.

The rule is well settled that if a lessee underlets the premises for a shorter term than that for which they are to him granted, or if he underlet a part only of the premises, the original lessor cannot sustain an action for rent against the sub-lessee. *Fulton v. Stuart*, 2 Ohio, 215 (15 Am. Dec. 542); *Davis v. Morris*, 36 N. Y. 569. The land, however, is not discharged by such sub-letting from the claims of the original lessor, who may, notwithstanding the under lease, proceed to evict, if a forfeiture shall have been incurred by his lessee. 1 Taylor, Landlord & Tenant (8th ed.), § 109.

Nor can the appellants claim as assignees of Bonner. There is a marked difference between an assignment of lease and a sub-lease. By an assignment the lessor

parts with his whole interest in the estate, whereas by a sub-lease he grants an interest less than his own, reserving to himself a reversion.   2 Taylor, Landlord & Tenant, § 426.

But were we to assume that appellants were entitled to notice, we think that their own admissions upon the trial show that such notice was given.   They admit that prior to the commencement of the action one of the respondents served upon I. J. Grindstaff, the husband, a written demand for the possession and surrender of the premises in dispute.   This service was made at the house of the appellants upon said premises, and the notice so served is as follows:

*"Edward Grindstaff and wife:*   You and each of you are hereby notified and required to quit, vacate and surrender the premises now occupied by you, within five days from this 10th day of January, 1894, otherwise proceedings will be taken against you as the law directs, to recover possession of the following described property and each and every part thereof, to wit, the east half of the northeast quarter of Section Twenty-one (21) Range three (3) east, Skagit County, Washton, and in this fail not.          . . . . . . . . . . . .
                    *Owner of said property."*

It also appears from the record that at that time they refused to surrender or deliver up the premises unless respondents should pay them $75 for so doing. Appellants insist that the notice was insufficient because it was not signed by any person; that it was not served upon appellant Georgie E. Grindstaff, the wife of appellant I. J. Grindstaff, and that it insufficiently describes the premises.   We think that it was sufficient under the circumstances attending its service.   It follows that were we to hold that appellants were entitled to notice, the notice which appellants admit was served was sufficient, and the instruction complained of was

at most harmless error.  The respondents, upon either view of the question, were entitled to a recovery.

The judgment appealed from is affirmed.

Hoyt, C. J., and Anders, Dunbar and Scott, JJ., concur.