[No. 5102.   Decided March 6, 1905.]

STETSON & POST MILL COMPANY, *Appellant,* v. PACIFIC AMUSEMENT COMPANY *et al., Respondents.*[1]

LANDLORD AND TENANT—LEASE—MECHANICS' LIEN—INTEREST OF LESSEE—FORFEITURE FOR CONDITION BROKEN—JUDGMENT—EXECUTION SALE—TITLE. Where a mechanics' lien was foreclosed against the leasehold estate of a tenant, who had erected a building on the leased premises, and before sale the lease was declared forfeited for non-payment of the rent, and the landlord recovered possession, an execution sale under the lien foreclosure, made after the re-entry by the landlord, conveys no title, although the lien holder was not a party to the decree forfeiting the lease; since performance, or tender of performance, of the lease, before peaceable re-entry for condition broken, was essential to prevent a forfeiture of the leasehold estate upon which the judgment was a lien.

Appeal from a judgment of the superior court for King county, Morris, J., entered September 19, 1903, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, dismissing an action to recover the possession of real and personal property, and for damages.   Affirmed.

1Reported in 79 Pac. 935.

*J. W. Rayburn* and *William H. Brinker,* for appellant.

*John E. Humphries* and *Harrison Bostwick,* for respondents.

FULLERTON, J.—In this action the appellant sought to recover possession of certain real and personal property, situated in the city of Seattle, together with the sum of $10,000, as damages for its wrongful detention, and the sum of $750 per month for some twenty-five months, as its rental value. The facts out of which the action arises are, in substance, these: On February 23, 1898, Amos Brown and Annie M. Brown, his wife, and J. D. Lowman and Mary R. Lowman, his wife, being then the owners of the real property above mentioned, leased the same to Ida M. Cort, for a term of five years, at a rental of $200 per month for the first two years of the term, $250 per month for the third year, $275 per month for the fourth year, and $300 per month for the fifth year; all of such rentals being payable monthly in advance. The lease also provided that Mrs. Cort should have the privilege of erecting a brick building on the land, at her own cost, she agreeing to keep the same free from liens of all kinds and surrender the same, at the expiration of the lease, as the property of the lessors. The lease also contained covenants for the payment of such taxes as might be assessed against the property, that the leasehold interests should not be assigned without the consent of the lessors, and a reservation of the right of re-entry, on the part of the lessors, in case the rent or taxes should not be promptly paid when due, or the conditions of the lease should otherwise be broken.

On the day following the execution of the lease, Mrs. Cort mortgaged all of her interests to one J. B. Parsons for $10,000, and at once entered into a contract for the erection of a building on the leased lands. At about this time,

·certain persons incorporated the American Amusement Company, and on March 9, 1898, some fourteen days after she had procured the lease, Mrs. Cort, with the consent of the lessors, sold and assigned all of her right, title and interest in the leasehold estate to that company. From that time on, Mrs. Cort neither had, nor claimed to have, any interest in the leased premises. The American Amusement Company entered into possession of the property, immediately after purchasing Mrs. Cort's interests, and continued in such possession until August 29, 1898, at which time it was placed in the hands of a receiver, at the suit of one of its creditors. The receiver, by order of the court in which the receivership suit was pending, subsequently sold the leasehold interest to one E. P. Edsen, who, in turn, entered into possession of the property.

In the meantime, none of the rents reserved for the lease of the property had ever been paid, save the sum of $600, paid on the execution of the lease. The lessors, after the property had been assigned to Edsen, served the statutory notice on him, and also upon Ida M. Cort and the American Amusement Company, requiring them to pay the accrued rents within ten days, or surrender the premises. This notice was not complied with, whereupon the lessors instituted an action against them to recover such possession, and forfeit and set aside the lease. This action was prosecuted to judgment in January, 1900, the court adjudging the lease forfeited and the lessors entitled to possession. The lessors immediately re-entered, and on the 1st of February, 1900, leased the property to the Pacific Amusement Company for a term of eight years from and after that date. This last named company entered at once into possession of the property, and was in possession thereof at the time of the commencement of the present

22-37 WASH.

action, and had, in the meantime, expended, in completing the structure begun thereon, nearly $70,000.

The appellant, between the 17th day of April, 1898, and the 17th day of June, 1898, furnished to T. W. Jones, the contractor of Ida M. Cort, above named, materials to be used in the construction of a building on the leased premises, of the value of $1,185.12, and, on the 18th of August, 1898, filed a lien on the lands and building, for the amount of the purchase price of the materials, so furnished by it. This lien it afterwards sought to foreclose, making parties defendant, in its action, the lessors of the premises, together with Ida M. Cort, J. B. Parsons, and certain persons who had filed liens on the premises. Other parties, including the receiver of the American Amusement Company, afterwards intervened. The lessors appeared and successfully resisted the foreclosure, as against the fee of the lands, recovering their costs against the appellant and the other lien holders who sought to make their liens a charge against the fee. The court, however, in that action adjudged that the lien claimants were entitled to liens on the leasehold interest of Ida M. Cort, and entered a decree of foreclosure against such leasehold interest, determining therein the respective amounts due the several claimants, and directing that the leasehold interests be sold to satisfy the same. This judgment was entered on June 7, 1899. On January 26, 1901, more than one year after the lessors had entered into the possession of the premises, and nearly one year after the Pacific Amusement Company had held the property, the appellant issued an execution on its judgment of foreclosure, and caused the interest of Ida M. Cort therein to be sold, which was bid in by the appellant for the sum of $40. This sale was afterwards confirmed, whereupon the officers making the sale executed a

deed to the appellant, conveying to it all of the interests of Ida M. Cort in and to the premises, and the building erected thereon. It is on the title acquired by this sale that the appellant bases its right to recover in this action.

The trial court held, on the facts as stated, that the appellant acquired no title by its foreclosure and sale, and had none when it commenced this action, and hence had no right to recover either the possession of the leased premises, or damages by way of rentals or otherwise, for its detention. We think the judgment of the trial court is right. By a foreclosure and sale, the appellant could acquire no greater rights in the leasehold estate than the persons against whom the foreclosure was had possessed therein (*Shannon v. Grindstaff,* 11 Wash. 536, 40 Pac. 123); and all such rights as the lessee, or her successors in interest, acquired by the lease had been forfeited and terminated, long before the sale under the judgment of foreclosure was made. Conceding that the appellant was not bound by the judgment of forfeiture, because not a party thereto, still its right to sell was barred by the peaceable re-entry of the lessors, for a breach of the covenants of the lease. Such re-entry, being for condition broken, was lawful, as against all persons claiming under the lease, and operated as a forfeiture of the rights of all such persons. It was essential to the rights of the appellant that the leasehold estate be preserved, and if it desired to prevent a forfeiture of such estate, and the consequent forfeiture of its own rights, as a lien claimant against such estate, it was necessary that it perform, or tender a performance of, the condition of the lease, before the lessors re-entered for default of such performance. As it did not perform, or tender performance, before that time, it cannot now recover damages by way of rentals or other-

wise, merely because the lessors refused to let it occupy the premises for the balance of the leased term.

The judgment is affirmed.

MOUNT, C. J., HADLEY, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW JJ., took no part.