[No. 5938. Decided March 9, 1906.]

## A. G. WEANDER, *Appellant,* v. CLAUSSEN BREWING ASSOCIATION, *Respondent.*[1]

LANDLORD AND TENANT—LEASE—ASSIGNMENT—LEGAL EFFECT OF INSTRUMENT. A written instrument under which a tenant of a building turned over to another the demised premises, constitutes an assignment of the lease and not a sub-lease, and does not create the relation of landlord and tenant between the parties, where, although it was in form a lease, it covered the entire term acquired by the grantor under the original lease, without any reversion to the grantor, and contained the exact terms and covenants thereof.

SAME—EVICTION—LIABILITY OF ASSIGNOR. Where an instrument is an assignment of a full leasehold term, the assignor is not liable to the assignee for a wrongful eviction by the original lessor, notwithstanding the right of re-entry for nonpayment of rent was reserved to the assignor.

Appeal from a judgment of the superior court for King county, Tallman, J., entered May 23, 1905, upon granting a nonsuit, at the close of plaintiff's case, in an action to recover damages for a wrongful eviction. Affirmed.

*John B. Hart,* for appellant.

*Brown, Leehey & Kane,* for respondent.

HADLEY, J.—This is an action to recover damages on account of an alleged eviction from leased premises. The premises consist of a part of the Mitchell hotel building, in the

1Reported in 84 Pac. 735.

city of Everett. The owner leased to one Morrill, who, in turn, leased to the Claussen Brewing Association, and the plaintiff claims that the latter leased to him. By reason of some default on the part of the original lessee, the owner terminated his lease and ousted him, and his subtenants were likewise ousted. The plaintiff then brought this suit against the Claussen Brewing Association, claiming damages against it because of the eviction. Defendant answered, admitting its lease from Morrill, the original lessee, but alleged that it assigned to the plaintiff all of its rights in said lease. The cause proceeded to trial before a jury, and at the close of the testimony in behalf of plaintiff, the defendant challenged its sufficiency, and moved that the case be withdrawn from the jury. The challenge and motion were granted, the jury was discharged, and judgment was entered dismissing the action. The plaintiff has appealed.

The real question in the case is, did the relation of landlord and tenant exist between the parties? In order to pass upon this question it is necessary to determine what was the legal effect of the written instrument which they jointly executed. Appellant contends that it was a lease, and that it constituted him a tenant of respondent, while the latter urges that it was in law an assignment and not a lease, for the reason that it transferred all rights which respondent acquired from its lessor, including the entire term under its lease, with no reversionary interest reserved. The instrument is in the form of a lease, and contains apt words designating it as such; but it covers the entire term which respondent had acquired by its own lease. No portion of the term whatever is reserved for reversion to respondent. It is conceded that the terms and covenants of the instrument are in the exact words of the lease held by respondent, and no other or new covenants are included therein. We think, under the authorities, that the legal effect of such an instrument is that of an assignment in full of the lease by its holder; that it is not a new lease, which creates a new lessor and subtenant,

with the relation of landlord and tenant between the two, but the new nominal lessee becomes an assignee of the whole leasehold estate affected.

"A lessee's parting with his interest in the whole of the leasehold estate for the balance of his term, or with his interest in a part of the demised premises for the entire term, constitutes an assignment or assignment *pro tanto* of the lease, and the person to whom such an interest is conveyed becomes an assignee of the term with all the rights and liabilities incident to such a position. It is immaterial by what kind of an instrument or conveyance the term is so disposed of. Thus, the grantee or nominal lessee becomes an assignee if the lessee executes a quitclaim deed of his rights in the leasehold estate, or executes an instrument purporting to be a lease or demise of the premises for the balance of his unexpired term or a period exceeding his term, or conveys the premises in fee simple. To constitute an assignment the lessee must, however, part with his entire interest in the whole or a part of the premises." 18 Am. & Eng. Ency. Law (2d ed.), 656, 657.

Again, the same principle is stated as follows:

"A *term* signifies not only the limitation of time, or period granted to the lessee for the occupation of the premises, but it includes also the estate and interest in the land that pass during such period. The words 'lease' and 'demise' are often used to signify the estate or interest which is conveyed, but they properly apply to the instrument or means of conveyance. And it is essential to a lease that some reversionary interest be left in the lessor; for if by an instrument purporting to be a demise, he parts with his whole interest in the premises, or makes a lease for a period exceeding his own term, it will, in either case, amount to an assignment of the term." 1 Taylor, Landlord & Tenant (9th ed.), § 16.

The principle is fully sustained by the following decided cases: *Sexton v. Chicago Storage Co.,* 129 Ill. 318, 21 N. E. 920, 16 Am. St. 274; *Craig v. Summers,* 47 Minn. 189, 49 N. W. 742, 15 L. R. A. 236; *Smiley v. Van Winkle,* 6 Cal. 605; *Lee v. Payne,* 4 Mich. 106; *Woodhull v. Rosenthal,* 61 N. Y. 382; *Bedford v. Terhune,* 30 N. Y. 453, 86

Am. Dec. 394; *St. Joseph etc. R. Co. v. St. Louis etc. R. Co.,* 135 Mo. 173, 36 S. W. 602, 33 L. R. A. 607; *Cook v. Jones,* 96 Ky. 283, 28 S. W. 960; *Mulligan v. Hollingsworth,* 99 Fed. 216; *McLennan v. Grant,* 8 Wash. 603, 36 Pac. 682.

Appellant argues that the instrument is a lease as between himself and respondent, although it may be an assignment as to others. We do not think so, in view of the doctrine maintained by the weight of the decided cases. Respondent parted with its entire interest. It is true, it reserved the right of re-entry at the close of the term; but that provision is without force for the reason that, at the end of the term, there would be nothing left of which it could take possession. It also reserved the right of re-entry in case of default in payment of rent or breach of any of the covenants. The rental terms and covenants being, however, precisely the same as its own in the lease with its lessor, the authorities maintain that the legal effect of the instrument is not changed from that of an assignment to that of a lease, even though the right of re-entry for condition broken be reserved. While there is some conflict upon this point, yet we think the weight of authority decidedly supports the rule as stated. In *Craig v. Summers, supra,* it was said:

"So the right of re-entry is not an estate or interest in land, nor does it imply a reservation of a reversion. It is a mere chose in action. When enforced, the grantor is in through the breach of the condition, and not by the reverter."

The instrument being an assignment of a full leasehold term by respondent to appellant, an action does not lie in favor of the assignee and against the assignor for an act of the original lessor. *Blair v. Rankin,* 11 Mo. 282; *Waldo v. Hall,* 14 Mass. 486; *M'Clenahan v. Gwynn,* 3 Munf. (Ky.) 556; *Knickerbacker v. Killmore,* 9 Johns. 105.

"There is no instance produced, nor can we find any, of an action by an assignee against an assignor *upon a covenant in law* for an eviction in consequence of an act done by the original lessors. . . ." *Waldo v. Hall, supra.*

We think the court did not err in its application of the law, and the judgment is affirmed.

MOUNT, C. J., FULLERTON, RUDKIN, CROW, ROOT, and DUNBAR, JJ., concur.