[No. 36156.   Department Two.   September 21, 1962.]

THE STATE OF WASHINGTON, *Petitioner*, v. EMANUEL E.
MEADOR *et al., Respondents*, H. P. CLAUSING
*et al., Appellants.**

*Cook, Flanagan & Berst* and *George S. Cook,* for appellants.

*Moschetto & Alfieri* and *John Spiller,* for respondents Di Pietro.

*Devin, Hutchinson & Rolfe,* for respondent Kelly's Drug, Inc.

*Reported in 374 P. (2d) 546.

HAMILTON, J.—Appellants Clausing and wife and Deer and wife appeal from the apportionment of a condemnation award. The judgment denies appellants any portion of the award, from which they appeal.

The facts may be summarized as follows:

Respondents Di Pietro and wife are fee owners of the property, a building and the land on which it is situated in King County.

In June, 1953, Di Pietro leased the north portion of the building for a term of 10 years, which lease was subsequently assigned to respondent Kelly's Drug, Inc. In June, 1956, Di Pietro leased the south portion of the building to Kelly's Drug, Inc., for a term of 10 years. In August, 1956, respondent Kelly's Drug, Inc., leased the south 21 feet of the building to Finnell for a term ending in 1965 at a monthly rental of $125, which sublease was assigned to the appellants Clausing and Deer in August, 1956. Clausing and Deer improved the leased portion of the building so that it might be used as a medical clinic. In November, 1956, upon completion of the improvements, the space was leased back to Finnell for a term ending in 1965, at a monthly rental of $250. Finnell's subtenant vacated the premises in June, 1960, and surrendered the key to Clausing. One hundred dollars of the rent was paid on June 1, 1960, by Finnell's subtenant, but since then no rent has been paid. The lease from Clausing and Deer back to Finnell reserved a right of re-entry for conditions broken.

The last portion of the condemnation award and interest thereon was deposited into the registry of the court by the state on January 10, 1961.

The court held that the appellants, Clausing and Deer, leased to Finnell for the full term, which they had acquired by assignment, for which reason Clausing and Deer had no claim upon the condemnation award. A transfer of a lessee's entire interest in the premises for the balance of the term, leaving no reversionary interest in the lessee, constitutes an assignment and not a sublease. *Gazzam v. Young,* 114 Wash. 66, 194 Pac. 810; *Sheridan v. O. E. Doherty, Inc.,* 106 Wash. 561, 181 Pac. 16; *Hockersmith v. Sullivan,*

71 Wash. 244, 128 Pac. 222; *Weander v. Claussen Brewing Ass'n*, 42 Wash. 226, 84 Pac. 735; *McLennan v. Grant*, 8 Wash. 603, 36 Pac. 682. A right of re-entry for condition broken is not a reversionary interest and thus, although a right of re-entry for condition broken is retained, a transfer of the balance of a lessee's term still constitutes an assignment. *Sheridan v. O. E. Doherty, Inc., supra.*

This, however, is not decisive of the rights of appellants Clausing and Deer.

The return of the key and relinquishment of the possession of the premises by Finnell's subtenant to Clausing constitutes a peaceful re-entry by Clausing. Even though the transfer by appellants Clausing and Deer constitutes an assignment, the right of re-entry for condition broken is valid and enforceable. 1 Tiffany, Real Property (3d ed., 1939), 305, § 190; *Kostakes v. Daly*, 246 Minn. 312, 75 N. W. (2d) 191; *Davidson v. Minnesota Loan & Trust Co.*, 158 Minn. 411, 197 N. W. 833.

No rent was paid after June, 1960, which was prior to the acquisition of the state's title. Because the agreement between appellants Clausing and Deer with Finnell provided for the right of re-entry for failure to pay rent, Clausing and Deer acquired an interest in the property prior to the time the title passed to the state, which interest should have been compensated in the condemnation proceeding in accordance with RCW 8.04.140. *State v. Calkins*, 54 Wn. (2d) 521, 342 P. (2d) 620; *State ex rel. Struntz v. Spokane Cy.*, 85 Wash. 187, 147 Pac. 879.

Lack of privity by contract or estate is not a factor in the distribution of a condemnation award.

The respondent Kelly's Drug, Inc., and the appellants Clausing and Deer dispute the contention of the respondent Di Pietro that, in any event, the judgment should be sustained because any award to the subtenant must be subtracted from the award to Kelly's Drug, Inc. Respondent Di Pietro cites no authority in support of his argument, and we have found none. It must be assumed that, in determin-

ing the value of the property taken, the value of the improvements made by Clausing and Deer was considered.

■ It is clear from the record that the valuation of the interest in the property of Kelly's Drug, Inc., in the apportionment proceeding did not include the improvements that Clausing and Deer made because this valuation was made by the trial court upon the bare space leased to Kelly's Drug, Inc. In *Pierce Cy. v. King*, 47 Wn. (2d) 328, 287 P. (2d) 316, we stated:

" . . . The power of the court to distribute the fund between rival claimants is not only statutory, but is a matter of general equity. . . ."

Di Pietro's claim cannot be characterized as equitable. Accordingly, that portion of the judgment depriving Clausing and Deer of any share of the condemnation award is reversed, and also to the extent that it fixes the share of the condemnation award to which Di Pietro is entitled. The judgment is affirmed as to Kelly's Drug, Inc. Appellants Clausing and Deer and respondent Kelly's Drug, Inc., shall recover their costs. The case is remanded to the superior court to determine the portions of the condemnation award to which the appellants Clausing and Deer and the respondent Di Pietro are entitled.

WEAVER, ROSELLINI, OTT, and HUNTER, JJ., concur.

November 16, 1962. Petition for rehearing denied.