[No. 5305. Decided March 8, 1905]

THE STATE OF WASHINGTON, *Respondent*, v. E. PITTENGER, *Appellant*.[1]

LANDLORD AND TENANT—FORCIBLE ENTRY AND DETAINER—PLEADINGS—COMPLAINT—ALLEGATION OF TITLE—SUFFICIENCY. In an action of forcible entry and detainer, a complaint alleging that the defendant entered premises as tenant of another, and that subsequently the premises were decreed to the plaintiff and that plaintiff is now the owner thereof, sufficiently alleges plaintiff's title, as against a demurrer, and that he was entitled to the rent, within Pierce's Code, § 1170.

SAME—JUDGMENT—RENT ACCRUING AFTER FILING OF COMPLAINT—PLEADING—SUPPLEMENTAL COMPLAINT. In an action of forcible entry and detainer in which the complaint demands judgment for the rent for specified months, the plaintiff is not entitled to judgment for rent maturing after the filing of the complaint, where no supplemental complaint was filed; and the amount found due as such rent cannot be sustained as damages, but the judgment is excessive to that extent.

PLEADINGS—AMENDMENT TO CONFORM TO PROOF. Where the defendant's demurrer to the complaint is overruled and he stands

1Reported in 79 Pac. 942.

thereon, the judgment must be limited to the demand in the complaint, and amendments to conform to the proof cannot be made.

Appeal from a judgment of the superior court for King county, Morris, J., entered May 26, 1904, upon overruling defendant's demurrer to a complaint in forcible entry and detainer, awarding restitution and damages. Modified.

*James M. Epler,* for appellant.

*Byers & Byers,* for respondent.

HADLEY, J.—This is an action to recover possession of real estate, brought under our forcible entry and detainer statute. It is alleged that the administrator of the estate of Nellie Lawton leased the premises to the defendant for an indefinite time, at a monthly rental of $25 per month, payable on the 1st day of each month, and that the defendant, by virtue of the lease, entered into the occupancy of the premises; that after the making of the lease, a decree of court was made whereby the premises were decreed to the plaintiff, and that plaintiff is now the owner thereof, and entitled to the rent. It is further averred that the rent for the months of March and April, 1904, became due and was unpaid; that plaintiff then served written notice upon defendant to pay the rent, or surrender the premises, which he refused to do for a period of three days thereafter, and still so refuses. Judgment is demanded for a writ of restitution, and for $50 rent, and $100 damages, the rent and damages to be doubled as provided by statute. The defendant demurred to the complaint, and the demurrer was overruled. He then stood upon his demurrer and refused to plead further, whereupon the court tried the cause without a jury, and renderd judgment for restitution of the premises, and for $150. The defendant has appealed.

Appellant's first contention is that the demurrer should

25-37 WASH.

have been sustained. It will be remembered that appellant entered upon the premises as tenant of another than the respondent, and the complaint alleges that, after that time, the premises were decreed to the respondent, and that respondent is now the owner and entitled to the rent. Respondent concedes that the complaint would have been subject to a motion to require a more definite statement in regard to the court proceedings leading up to such decree, but urges that it is sufficient as against demurrer. We think the complaint sufficient upon demurrer, in view of the direct averment as to ownership. It does not necessarily follow from the averments, as made, that the claim of ownership rests entirely upon the decree; but the fact of ownership is alleged, and also plaintiff's right to rent. It is insisted that the relation of landlord and tenant must have existed, and that the complaint does not show the said relation. Under our statute, Pierce's Code, § 1170, subd. 3, the action may be maintained by "the person entitled to the rent." As against demurrer, it is sufficiently alleged that respondent is such person.

It is insisted that the judgment is excessive. The court found that the rent was due and unpaid for the months of March, April and May, amounting to $75 in all. The amount was doubled in the judgment as provided by statute, Pierce's Code § 1185. In the complaint the amount of rent in default is fixed at $50 for the months of March and April. The complaint was filed April 12, before the maturity of any demand for the May rent. It is urged that the amount of recovery must be limited to what was due when the action was brought, and to the demand contained in the complaint. It is the general rule that the amount of recovery is limited to the demand of the complaint, unless a supplemental or amended complaint shall be filed. No such complaint was filed here. We cannot

regard the complaint as amended to correspond with proofs, for the reason that appellant was not before the court as to any demand for the May rent. When his demurrer to the complaint was overruled, he stood thereon. Thereafter he was not chargeable with notice of any demands except those contained in the original complaint. We cannot assume that he would not have answered and defended against the May rent, if he had had notice that such demand would be made. The amount cannot be classified as damages, for the reason that the court did not find any damages, but specifically found that the rent for the three months was due, then doubled the aggregate sum, and gave judgment accordingly. We think the court erred when it allowed recovery for the May rent. The amount —$25—having been doubled, made the judgment excessive in the sum of $50.

In all other particulars the judgment is affirmed, but the cause is remanded with instructions to modify the judgment by making the amount of recovery $100. Appellant shall recover costs on appeal.

MOUNT, C. J., FULLERTON, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.