[No. 6069.  Decided August 6, 1906.]

GEORGE A. MEYER *et al., Appellants,* v. PAULINE BEYER, *Respondent.*[1]

LANDLORD AND TENANT—UNLAWFUL DETAINER—RIGHT OF ACTION. The summary action of unlawful detainer, authorized by Bal. Code, § 5525 *et seq.,* for the recovery of the possession of leased premises cannot be maintained unless the conventional relation of landlord and tenant exists between the parties.

LANDLORD AND TENANT—EXISTENCE OF RELATION—TENANCY BY SUFFERANCE. The owner of the premises which had been sold under foreclosure is not shown to be a tenant by sufferance to one who took the title while rooming on the premises, pending proceedings to recover possession, where the owner never recognized the validity of the sale, or such title holder as landlord, but maintained possession at all times under claim of ownership, and where such title holder made statements indicating that he took the same for the owner's benefit, to whom he had attempted to convey the property.

APPEAL—RECORD—STATEMENT OF FACTS. The refusal to allow an amendment to conform to the proof cannot be reviewed in the absence of a bill of exceptions or statement of facts.

UNLAWFUL DETAINER—ISSUES—TRIAL OF TITLE. The title to property cannot be tried in an action of forcible entry and detainer.

Appeal from a judgment of the superior court for Whatcom county, Neterer, J., entered October 24, 1905, upon find-

[1]Reported in 86 Pac. 661.

ings in favor of the defendant, after a trial on the merits before the court without a jury, in an action of forcible entry and detainer.  Affirmed.

*T. D. J. Healy* and *Fairchild & Bruce,* for appellants.
*Rose & Craven,* for respondent.

Root, J.—Appellants instituted this action under § 5525 *et seq.,* Bal. Code (P. C. § 1168), for the possession of real property.  The facts appearing from the findings, which are not challenged, were about these:  One Lyons executed a deed of the property to this respondent on the 13th day of June, 1890, and she soon thereafter, with her husband, went into possession of the same.  Some time thereafter one Robert E. Meyer, father of these appellants, came to live as a roomer and boarder in respondent's home on these premises, and continued to so live there until the time of his death, August 18, 1902.  About a year after Meyer commenced to live in this home, respondent's husband abandoned her, and subsequently, to wit, on February 26, 1900, she obtained a divorce from him.  At all of said times said Robert E. Meyer had a wife confined in a sanitarium in Germany, having been adjudged insane.  She died in the year 1904.

In the latter part of 1891, the Fairhaven Land Company foreclosed a mechanics' lien on the property here involved, and thereafter on the 30th day of January, 1892, an order of sale was issued and said property was levied upon and sold and a certificate of sale issued to said Land Company, which, on the 31st day of October, 1893, received a deed of said premises from the sheriff.  Respondent continued in possession of said property after such sale, and at no time recognized any rights of the said Fairhaven Land Company to said property, and at no time paid any rent to it, and at all times claimed to be the owner thereof.  In the year 1897 the Land Company caused a writ of assistance to be issued,

and under it the sheriff made demand for possession of the property. Respondent advised said Meyer of said proceedings, and the latter interceded with the sheriff and the Land Company and, on February 17, 1898, obtained a conveyance of said property by quitclaim deed from said Fairhaven Land Company to himself for a consideration paid by him. Said Meyer frequently stated that he was going to save the property for respondent to right a wrong done her. After the transfer of the property by the Land Company to Meyer, the latter signed and acknowledged a deed thereof, signing by himself and also as guardian for his wife, and stated that said deed was for this respondent, but was not to be recorded until she obtained a divorce from her husband.

After the transfer from said company to Meyer, respondent continued in possession as before, and leased portions of the property, and collected rentals, and said Meyer continued to live in the house as roomer and boarder as before. Respondent at no time paid any rental for said property, but always claimed to be the owner thereof and never recognized that said Meyer or these appellants had any right or title in or to said property. On the 7th day of May, 1904, appellants caused written notice to be served upon respondent, to the effect that the right to the occupancy of said premises on the part of respondent was terminated and ended, and requesting the respondent to vacate said premises and surrender the same to appellants as owners. An action was thereupon commenced, but was by appellants dismissed on the 17th day of September, 1904. On January 20, 1905, appellants served written notice on respondent, requiring her to quit the premises, and terminating their consent to the further use or occupancy of said premises. Respondent not surrendering said premises, this action was instituted.

After all the evidence was submitted and the trial court had orally announced its findings and decision, appellants asked leave to amend their pleadings by showing sources of title and their right to possession as owners, with a history

of the title, and to amend their complaint by alleging their ownership in the title, and right to receive the rents of the property involved. The court announced that it did not deem these matters material to the issue presented, and denied the request. Upon findings and conclusions, a judgment and decree was rendered in favor of respondent, from which this appeal is taken.

Respondent contends that no facts were alleged or established which could characterize the conduct of respondent as a forcible entry or detainer, or that would bring the action within the purview of § 5525 *et seq.* She urges that appellants cannot maintain this form of action upon the state of facts here involved; that the question of title cannot be examined; and that there must be the conventional relation of landlord and tenant before the action can be sustained. We think her contention must be upheld. In 18 Am. & Eng. Ency. Law (2d ed.), p. 436, the doctrine is announced as follows:

"Under the statutes specially providing for recovery of possession by landlords in summary proceedings, and under the provisions of the forcible entry and detainer statutes, that tenants in certain cases shall be deemed guilty of unlawful detainer and liable to be ousted, the existence of the conventional relation of landlord and tenant between the parties is essential to authorize the proceedings."

In the case at bar respondent never recognized appellants or their ancestor as landlord. Appellants urge that, inasmuch as Meyer obtained the legal title and respondent remained in possession of the premises thereafter, it must be presumed that she did so with his permission, and that she became, by operation of law, a tenant by sufferance whose tenancy appellants could terminate by an action for unlawful detainer as prosecuted herein. It is possible, although we do not pass upon the question, that this contention could be upheld if there were no claim or show of ownership, right or equity in the property by respondent. But by the findings of fact,

it appears that respondent was at all times claiming to be owner of the property and exercising dominion over it as such owner, and that said Meyer made statements indicating that the title was taken by him for her benefit. In view of this situation, we do not think appellants' action could be maintained in the form instituted. In *Seattle Operating Co. v. Cavanaugh,* 6 Wash. 325, 33 Pac. 356, this court said:

"In view of the fact that this was an action of unlawful detainer, it was necessary that the conventional relation of landlord and tenant be clearly established."

It has been frequently held that title cannot be tried in an action for unlawful entry and detainer. *Carlson v. Curran,* 42 Wash. 647, 85 Pac. 627; *McGrew v. Lamb,* 31 Wash. 485, 72 Pac. 100; *Gore v. Allice,* 33 Wash. 335, 74 Pac. 556; *Chezum v. Campbell,* 42 Wash. 560, 85 Pac. 48.

Upon the question of appellants' right to amend their complaint, we are not in a position to pass. No statement of facts or bill of exceptions is brought to this court, and we do not know what the evidence or proceedings were upon which the trial court based its refusal to permit the amendment, and there being nothing in the findings of fact to show that said refusal was erroneous, we cannot presume the action of the trial court to have been incorrect.

The judgment of the superior court is affirmed.

MOUNT, C. J., CROW, FULLERTON, DUNBAR, and RUDKIN, JJ., concur.