[No. 6328. Decided December 7, 1906.]

COLUMBIA & PUGET SOUND RAILROAD COMPANY, *Appellant*, v. ALBERT S. MOSS, *Respondent*, MARY E. STEVENS *et al., Interveners.*[1]

FORCIBLE ENTRY AND DETAINER—STATUTES—AMENDMENT—CONSTRUCTION. The amendatory act of 1905, p. 173, is not a re-enactment of the forcible entry and detainer act of 1891, p. 179, § 1, in view of the fact that different pleadings are provided for, no writ of restitution is authorized until final judgment, and different results follow failure to prove the entry, demand and refusal to surrender the premises.

FORCIBLE ENTRY AND DETAINER—GROUNDS OF ACTION—RIGHTS OF PLAINTIFF. In an action for forcible entry and detainer in which

[1]Reported in 87 Pac. 951.

the complaint alleges causes of action under the general act, as amended by the Laws of 1905, in which the forcible entry or unlawful detainer must be proved, and under the act of 1891, under which the superior title prevails, the plaintiff must be held to have elected to proceed under the general act, where he sued out a writ of restitution and failed to set out an abstract of title, the abstract being required and the writ not authorized under the act of 1891.

FORCIBLE ENTRY AND DETAINER—STATUTES—CHANGE OF REMEDY. A defendant, guilty of forcible entry and detainer prior to the amendatory act of 1905, cannot claim that such act does not apply, since the act was only a change of remedies, affecting no vested right.

FORCIBLE ENTRY AND DETAINER—REMEDY—EJECTMENT. The general forcible entry and detainer act applies in many cases where ejectment was the remedy under former laws.

SAME—EVIDENCE—PRIMA FACIE CASE. Proof of plaintiff's title, that the defendant entered without permission or color of title, that notice to remove was given, and surrender refused, makes out a *prima facie* case of forcible entry and detainer under the act of 1905, precluding the granting of a nonsuit.

Appeal from a judgment of the superior court for King county, Albertson, J., entered March 16, 1906, granting a nonsuit, in an action of forcible entry and detainer. Reversed.

*Piles, Howe & Farrell*, and *Dallas V. Halverstadt*, for appellant.

*Jerold Landon Finch*, for respondent.

RUDKIN, J.—This was an action to recover possession of real property under the forcible entry and detainer laws of this state. The original complaint was filed on the 14th day of June, 1905, under the second subdivision of § 2 of the act of March 7, 1891, which provides as follows:

"Every person is guilty of a forcible detainer—. . . . "2. Who in the night time, or during the absence of the occupant of any real property, enters thereon, and who, after demand made for the surrender thereof, refuses for the period of three days to surrender the same to such former occupant. The occupant of real property within the meaning

of this subdivision is one who for the five days next preceding such unlawful entry was in the peaceable and undisturbed possession of such real property." Laws 1891, p. 179.

Afterwards an amended complaint was filed by leave of court, alleging not only a forcible detainer under the above subdivision, but also an unlawful detainer under § 1 of the act of March 7, 1891, Laws 1891, p. 212, and subdivision 6 of § 3 of the act of March 6, 1905; Laws 1905, p. 173. The former section provides:

"That any person who shall, without the permission of the owner and without having any color of title thereto, enter upon the lands of another, and shall refuse to remove therefrom after three days' notice, shall be deemed guilty of unlawful detainer and may be removed from such lands."

The latter subdivision is as follows:

"A tenant of real property for a term less than life is guilty of unlawful detainer, either . . . (6) Any person who shall, without the permission of the owner and without having any color of title thereto, enter upon the land of another and who shall fail or refuse to remove therefrom after three days' notice, in writing, to be served in the manner provided in this act."

When taken in connection with the first part of the section, the language of the last subdivision is inaccurate and contradictory, but we think it is apparent that the legislature intended to declare that the persons therein named should be deemed guilty of unlawful detainer. Issue was joined on the amended complaint and a trial had. At the conclusion of the plaintiff's testimony, the court found that it was not in peaceable and undisturbed possession of the property in controversy for the five days next preceding the unlawful entry complained of, and granted a nonsuit. From this judgment the plaintiff has appealed.

If the peaceable and undisturbed possession of the appellant for the five days next preceding the entry of the respondent were the only issue in the case, we are not prepared

to say that there was error in the court's ruling, but inasmuch as that question may not arise on a retrial we will not decide it on this appeal.   We are satisfied, however, that the appellant made out a *prima facie* case under other provisions of the statute, and that the respondent  should have been put upon his defense.   Counsel are not agreed as to the applicability of the amendatory act of 1905 to this case, nor as to the effect of that act upon a like provision found in § 1 of the act of 1891, *supra*.

The appellant contends that the amendatory act of 1905 is but a reenactment of § 1 of the act of 1891.   The language of the two provisions is almost identical, and if § 1 of the act of 1891 stood alone, the argument would perhaps be unanswerable, but other provisions of that act must be taken into consideration in determining the question.  Section 2 of. the act of 1891 provides that there must be embodied in or appended to the complaint an abstract of the plaintiff's title and that the answer must state whether the defendant makes any claim of title, and if he makes no such claim, but claims the right of possession, the answer must state the grounds upon which the right of possession is claimed.   Section 3 provides that if the answer denies the plaintiff's claim of ownership  and states facts showing that the defendant has a lawful claim to the possession, the action shall stand for trial as one of ejectment.   While, therefore, the general forcible entry and detainer statutes, as amended by the act of 1905, defines unlawful detainer in the language of the act of 1891, yet the procedure under the two acts is different.   First, the pleadings are different.   Under § 2 of the act of 1891 an abstract of the plaintiff's title must accompany the complaint, while under § 8 of the general forcible entry and detainer act the complaint need only be in writing and set forth the facts upon which the plaintiff seeks to recover, describing the property with reasonable certainty; second, under the act of 1891 no writ of restitution is authorized until after

final judgment; and third, under the forcible entry and detainer act as amended, the plaintiff must prove his cause of action as alleged; namely, that he is the owner of the property, that the defendant entered without permission and without having color of title thereto, that a proper notice to surrender possession was given and served, and that the defendant has failed to comply therewith. If he fails to prove the forcible entry or the forcible or unlawful detainer as alleged, he will fail in the action; while under the act of 1891 the only effect of such failure is to convert the action into one of ejectment where the superior right will prevail. For these reasons the act of 1905 is not a reenactment of § 1 of the act of 1891, but on the contrary, the general forcible entry and detainer act, as amended by the act of 1905 and the act of 1891 are independent enactments both of which are in full force and effect.

After the appellant served notice on the respondent to remove from the premises and the failure of the respondent to comply therewith, the latter was guilty of unlawful detainer, provided the appellant could prove the allegations of its complaint, and the remedy of the appellant was under the law in force at the time of the commencement of its action. It might proceed under the amendatory act of 1905, in which case it would be compelled to prove the forcible or unlawful detainer as alleged; or it might proceed under the act of 1891, under which the superior title would prevail. Having failed to append an abstract of its title to the complaint, and having sued out a writ of restitution before final judgment, it must be held to have elected to proceed under the general forcible entry and detainer act, and its rights will therefore be determined by that act. The respondent contends that his entry was made before the amendatory act took effect, and that such act cannot apply to him. The act is purely a remedial one, and the respondent has no vested

38—44 WASH.

right in a remedy.   So long as the remedy given satisfies the requirements of due process of law he has no just ground of complaint.   In disposing of the case the court below expressed the opinion that the plaintiff's remedy was by ejectment, but it apparently overlooked the fact that unlawful detainer will lie under the above statutes in many cases where ejectment was the only remedy under former laws.

We will add, in conclusion, that the appellant alleged and proved its title to the property, that the respondent entered without permission and without having color of title thereto, that due notice to remove from the premises was given and that respondent failed to comply therewith.   This made a *prima facie* case for the appellant, and granting of a nonsuit was error.   Other parties intervened in the action, but their rights were not determined in the court below and will not be considered here.   For the error in granting the nonsuit the judgment is reversed and a new trial ordered.

MOUNT, C. J., FULLERTON, HADLEY, ROOT, DUNBAR, and CROW, JJ., concur.