[No. 15284. Department One. August 8, 1919.]

## B. F. WILLIAMSON et al., *Respondents,* v. DAISY P. HALLETT, *Appellant.*[1]

LANDLORD AND TENANT (141)—UNLAWFUL DETAINER—COMPLAINT— ALLEGATION AS TO EXISTENCE OF RELATION. In an action of unlawful detainer, a complaint is not demurrable in failing to allege how and under what terms the defendant took possession, in the absence of any motion to make more definite and certain.

SAME (126)—UNLAWFUL DETAINER — STATUTORY PROVISIONS — EXISTENCE OF RELATION. The conventional relation of landlord and tenant to sustain an action of unlawful detainer may be created by implication, and arises where defendant entered without the knowledge of plaintiff, who immediately gave notice to quit or pay rent; especially in view of Rem. Code, § 8805, providing that a person obtaining possession without the owner's consent shall be deemed a tenant by sufferance and liable for reasonable rent.

[1] Reported in 182 Pac. 940.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered September 7, 1918, upon findings in favor of the plaintiffs, in an action of unlawful detainer. Affirmed.

*W. C. Donovan* and *Geo. H. Armitage,* for appellant.
*F. E. Langford,* for respondents.

TOLMAN, J.—The facts in this case are sharply disputed in many respects; but after a careful examination of the evidence, we are satisfied that the findings of the trial court are amply supported. The proof justifies the following statement.

On and prior to May 10, 1918, respondents were the lessees from one Whitten, the owner, of the premises in controversy, and were in possession through their tenant, one Cleo DeMar, who operated the property as a lodging house or hotel. The furniture in the hotel was held by DeMar under a conditional sale agreement in which appellant was the grantor. Default having been made in the payments, appellant claimed a forfeiture of DeMar's rights under the conditional sale agreement, and took possession of the furniture and the hotel on or about May 10, 1918. Respondents had no previous knowledge of this taking of possession, and no express contract was made at any time by them with appellant as to her occupancy of the premises, or as to the payment of rent therefor. Finding appellant in possession about the 10th of May, respondents demanded rent from her, and renewed the demand on several occasions thereafter without success, and finally, on June 20, 1918, they caused a three day notice, in the alternative to pay rent or surrender the premises, to be served upon her. This being uncomplied with, this action was brought under the forcible entry and detainer statute.

Appellant complains first of the overruling of the demurrer to the complaint, because it does not plead that the conventional relationship of landlord and tenant existed between the parties. The complaint alleges ownership and right of possession in respondents; that, on May 10, 1918, appellant entered into possession and has ever since occupied the premises; the reasonable rental value; the failure to pay the same or any part thereof; the service of the notice in the alternative and the failure to comply with such notice. The only deficiency (if it can be so called) in the complaint, which is pointed out or which we have discovered, is the failure to plead how and under what terms the appellant took possession. But in the absence of a motion to make definite and certain, according to our view of the law as hereinafter expressed, appellant could not be heard to complain, and we think the demurrer was properly overruled.

Appellant argues that, to warrant a recovery in an action of this kind, the conventional relation of landlord and tenant is indispensable and must be clearly established. Conceding this to be the law, it does not follow that such a relationship can be created only by express agreement between the parties. *Sheridan v. Doherty,* 106 Wash. 561, 181 Pac 16. There may be and frequently is an implied contract which just as certainly creates the conventional relationship.

"The relation of landlord and tenant may be created by implication or by express contract. The law will, in general, imply the existence of a tenancy wherever there is an ownership of land on the one hand, and an occupation by permission on the other; for in such cases it will be presumed that the occupant intended to pay for the use of the premises. It will be implied, in many cases, where there has been no distinct agreement between the parties, or where, from various

causes, the agreement may have ceased to be operative.'' 1 Taylor, Landlord and Tenant (9th ed.) § 19.

So here, as found by the trial court and established by the testimony, as we read it, although appellant entered without the knowledge or express permission of respondents, yet they immediately gave their permission by demanding the rent; and the notice to quit or pay rent in itself shows permission on their part. While we are convinced that, from the facts shown, the law will imply a tenancy and an agreement to pay rent, yet if there was no permission, the legislature has put the question at rest in this state by statute, Rem. Code, § 8805, which reads:

''Whenever any person obtains possession of premises without the consent of the owner or other person having the right to give said possession, he shall be deemed a tenant by sufferance merely, and shall be liable to pay reasonable rent for the actual time he occupied the premises, and shall forthwith on demand surrender his said possession to the owner or person who had the right of possession before said entry, and all his right to possession of said premises shall terminate immediately upon said demand.''

The defense urged and mainly relied upon in the trial court was that the appellant was never in possession at all; and the evidence being such as to settle that question contrary to her contentions, the judgment is affirmed.

HOLCOMB, C. J., MACKINTOSH, MITCHELL, and MAIN, JJ., concur.