[No. 16482.    Department Two.    March 28, 1922.]

LAKE UNION REALTY COMPANY, *Respondent*, v. N. H. WOOLFIELD *et al.*, *Appellants.*[1]

LANDLORD AND TENANT (4)—EXISTENCE OF RELATION—EVIDENCE. The business manager of a tenant on leased premises, who, after termination of the lease, assumed possession without color of right or recognition, is not a tenant; and the conventional relation does not exist from the fact of his having previously given checks for the rent on behalf of the lessee for whom he was working.

FORCIBLE ENTRY AND DETAINER (1)—LANDLORD AND TENANT (126) —ACTIONS—EXISTENCE OF RELATION—STATUTES. Under Rem. Code, § 812, unlawful detainer may be maintained against one who enters without permission or color of right, although the conventional relation of landlord and tenant does not exist.

FORCIBLE ENTRY AND DETAINER (2)—NOTICE TO QUIT—SUFFICIENCY. Under subdiv. 3, Rem. Code, § 812, a notice in unlawful detainer against one entering without permission or color of right, properly requires, in the alternative, a surrender of the premises or the payment of rent.

Appeal from a judgment of the superior court for King county, Frater, J., entered November 13, 1920, upon findings in favor of the plaintiff, in an action of unlawful detainer, tried to the court. Affirmed.

*Philip Tworoger*, for appellants.
*Lundin & Barto*, for respondent.

MAIN, J.—This was an action for unlawful detainer. The trial resulted in findings of fact, conclusions of law sustaining the right to maintain the action, and

[1]Reported in 205 Pac. 14.

judgment was entered in the sum of $1,800. From this judgment, the defendant J. B. Newton appeals. The facts as found by the trial court and which are supported by the testimony are, in substance, as follows:

The respondent, Lake Union Realty Company, a corporation, was the owner of a building located at the northwest corner of Second avenue south and Washington streets, in the city of Seattle. On May 28, 1918, respondent leased to one N. H. Woolfield one of the storerooms in the building. This lease was for a period of two years, which was to commence on the first day of January, 1919, and end on the first day of January, 1921. Prior to the first day of July, 1920, the tenancy under the lease was terminated by agreement between the respondent and Woolfield. The lease provided for a rental of $200 per month. Prior to the first day of July, 1920, the appellant, J. B. Newton, had managed for Woolfield the business conducted on the premises. Newton claimed to have been a partner with Woolfield in the enterprise, and prior to the first of July, 1920, to have purchased the business. The trial court found on this matter that the appellant had no right, title or interest in the lease, and that, on July 1, 1920, without permission of the respondent, and without having any color of title thereto, he entered the premises. On the second day of July, 1920, the appellant was served with a notice in writing requiring in the alternative the payment of rent or surrender of detained premises.

The first question to be determined is, what was the relation of the appellant to the respondent on the first day of July, 1920. The lease which had been made to Woolfield had been terminated by agreement. The appellant was not a party to the lease and had no interest therein. He had conducted the business as a manager

for Woolfield. When the lease expired on July 1 under the agreement, the appellant continued in possession, not as manager of Woolfield, but asserting a right individual to himself. The lease between the respondent and Woolfield contained a provision against subletting without consent and the appellant had no rights under this lease.. During the time that he was manager for Woolfield, he paid the rent with checks signed by himself, apparently out of the proceeds of the business. The receipts, however, which were given for the rent all specified that it was received from Woolfield. Under the facts, there was no recognition by the respondent of the appellant as tenant under the lease. The appellant, in assuming possession on July 1, 1920, did so without permission of the respondent and without having any color of title thereto. If the tenancy existed, it was one that arose by implication from the fact that the respondent served the notice demanding the payment of rent in the sum of $450, or that the premises be vacated. Conceding that the tenancy thus arose by implication, the respondent would have the right to maintain the action, since the rent demand was not paid. On the other hand, if no tenancy arose, the respondent had a right to maintain the action under subd. 6 of § 812, Rem. Code (P. C. § 7970). This question is settled in *Williamson v. Hallet,* 108 Wash. 176, 182 Pac. 940, where it is said:

"So here, as found by the trial court and established by the testimony, as we read it, although appellant entered without the knowledge or express permission of respondents, yet they immediately gave their permission by demanding the rent; and the notice to quit or pay rent in itself shows permission on their part. While we are convinced that, from the facts shown, the law will imply a tenancy and an agreement to pay rent, .yet if there was no permission, the legislature has put

the question at rest in this state by statute, Rem. Code, § 8805, which reads:

" 'Whenever any person obtains possession of premises without the consent of the owner or other person having the right to give said possession, he shall be deemed a tenant by sufferance merely, and shall be liable to pay reasonable rent for the actual time he occupied the premises, and shall forthwith on demand surrender his said possession to the owner or person who had the right of possession before said entry, and all his right to possession of said premises shall terminate immediately upon said demand.' " [Rem. Comp. Stat., § 10621.]

The appellant argues that, before the action can be maintained, it is necessary that the conventional relation of landlord and tenant shall exist between the parties, and cites the case of *Meyer v. Beyer*, 43 Wash. 368, 86 Pac. 661. That case, however, was begun before the passage of subd. 6 of § 812, Rem. Code (P. C. § 7970). In the later case of *Columbia & Puget Sound R. Co. v. Moss*, 44 Wash. 589, 87 Pac. 951, and *Pacific Mutual Life Ins. Co. of California v. Munson*, 115 Wash. 119, 196 Pac. 633, it is pointed out that, under subd. 6, one who enters upon the land of another without permission and without color of title is within purview of the statute, notwithstanding the conventional relation of landlord and tenant did not exist. The appellant objects to the notice which was given which required the payment of the rent within three days, or in the alternative, the surrender of the premises. Subdivision 3 of § 812 specifies the kind of a notice to be given as one in writing requiring in the alternative the payment of rent or the surrender of the detained premises. The notice was the one contemplated by the statute and was in no manner defective. The appellant complains of the manner in which Woolfield, with the co-operation of the respondent, attempted to sever his

connection with the business and the premises prior to July 1, 1920. Whatever may be said as to the advisability of the practice which Woolfield adopted for this purpose, the matter has no material bearing upon the case as presented here. The question here is between the appellant and owner of the property. The appellant claims a right to hold under lease which had not been assigned to him and under which he had acquired no right by reason of the acquiescence of the respondent.

The judgment will be affirmed.

PARKER, C. J., HOLCOMB, MACKINTOSH, and HOVEY, JJ., concur.