[No. 18962.   Department Two.   May 8, 1925.]

PERCY WATTS BROWNIE *et al.*, *Appellants*, v. ALFRED
McNELLY *et al.*, *Respondents.*[1]

LANDLORD AND TENANT (126, 127)—UNLAWFUL DETAINER—EXIST-
ENCE OF RELATION—TENANCY UNDER DEFAULTING VENDEE. The owner
of premises is entitled to maintain an action of unlawful detainer,
as the "person entitled to the rent," under Rem. Comp. Stat., § 812,
where defendants entered into possession as tenants of another
holding a contract of purchase, who forfeited his right to possession,
with notice to defendant of such forfeiture.

SAME (147)—UNLAWFUL DETAINER—DOUBLE DAMAGES. In unlaw-
ful detainer, plaintiff is entitled, under Rem. Comp. Stat., § 812, to
recover double the amount of the reasonable rental value during the
time of the detention.

Appeal from a judgment of the superior court for
King county, Griffiths, J., entered March 28, 1924, upon
findings in favor of the defendants, in an action of
unlawful detainer, tried to the court. Reversed.

*Revelle, Revelle & Kells*, for appellants.
*Howard M. Hall*, for respondents.

MITCHELL, J.—This is an unlawful detainer action
brought by Percy Watts Brownie and wife against
Alfred McNelly and wife. The case was tried without
a jury. Findings, conclusions and judgment were for
the defendants. Plaintiffs have appealed.

The facts are not in dispute. In October, 1919, ap-
pellants, being the owners of the real property in-
volved, entered into a written contract to sell it to
Rose A. Patterson, the purchase price to be paid by
monthly installments. She assigned all her interest
in the contract to Albert V. Telquist, who in March,
1923, put the respondents in possession of the premises

[1]Reported in 235 Pac. 807.

under a verbal month to month tenancy, rental payable on the first day of each month. Telquist failed to make payments due under the real estate contract on April 1 and on May 1, 1923. The contract provided:

"Time is of the essence of this contract and in case of failure of the said purchaser to make either of the payments or perform any of the covenants on her part, this contract shall be forfeited and determined at the election of the vendors; and the said purchaser shall forfeit all payments made by her on this contract and all rights acquired hereunder, and such payments shall be retained by the said vendors as liquidated damages and they shall have the right to re-enter and take possession of said land and premises and every part thereof."

It was proven that, after default in making the payments, forfeiture was claimed and declared in writing on May 14, 1923, of all rights of Telquist and his wife under the contract, and according to prior notice to him that it would be claimed unless they made the payments on or before that date. Upon declaring the forfeiture against Telquist and his wife, the appellants notified the respondents, who were in possession of the property, that the forfeiture had been declared, and on learning what respondents had been paying monthly, offered to let them continue from month to month on the same terms. On June 1, 1923, respondents refused, upon demand, to pay rent to the appellants for that month, or at all, and on June 9, 1923, appellants gave them notice, as provided by statute, to pay the rent within three days or surrender the premises. Respondents still refused to pay rent, and this action followed.

The argument of the respondents is that there can be no recovery in this kind of an action unless the conventional relation of landlord and tenant exists between the parties, and that such relation did not exist between these parties because respondents became

tenants of the vendees under the real estate contract. In the case of *Williamson v. Hallett,* 108 Wash. 176, 182 Pac. 940, this court said with reference to that same kind of argument:

"Conceding this to be the law, it does not follow that such a relationship can be created only by express agreement between the parties. *Sheridan v. Doherty,* 106 Wash. 561, 181 Pac. 16. There may be and frequently is an implied contract which just as certainly creates the conventional relationship."

The respondents went into possession by authority of the Telquists, but thereunder their rights could not rise above their rights, and were subject to be lost at any time the Telquists forfeited their rights under the terms of the real estate contract. Respondents do not attempt any denial of the forfeiture of the rights of the Telquists under the real estate contract, nor that they, the respondents, were promptly notified of the forfeiture. After that forfeiture the Telquists no longer bore the relation of landlords as to this property, for they no longer had any right whatever with respect to it, and the respondents, being in lawful possession of it at that time, were obliged by implied contract to pay a reasonable rental for the occupancy of it if they continued to occupy it.

Counsel on both sides have called attention to a number of cases of this and other courts in discussing the subject of unlawful detainer, which, other than one case, we find it unnecessary to analyze. The facts and circumstances in such other cases are more or less at variance with the controlling facts in this case. The one case we refer to particularly is *State v. Pittenger,* 37 Wash. 384, 79 Pac. 942. That was an action to recover possession of real property, brought under our forcible entry and detainer statute. A demurrer to the

complaint was overruled. The defendant appealed. Of the complaint in that case it was said:

"It is alleged that the administrator of the estate of Nellie Lawton leased the premises to the defendant for an indefinite time, at a monthly rental of $25 per month, payable on the 1st day of each month, and that the defendant, by virtue of the lease, entered into the occupancy of the premises; that after the making of the lease, a decree of court was made whereby the premises were decreed to the plaintiff, and that plaintiff is now the owner thereof, and entitled to the rent. It is further averred that the rent for the months of March and April, 1904, became due and was unpaid; that plaintiff then served written notice upon defendant to pay the rent, or surrender the premises, which he refused to do for a period of three days thereafter, and still so refuses."

In discussing the complaint as tested by the demurrer it was said by the court:

"It will be remembered that appellant entered upon the premises as tenant of another than the respondent, and the complaint alleges that, after that time, the premises were decreed to the respondent, and that respondent is now the owner and entitled to the rent. Respondent concedes that the complaint would have been subject to a motion to require a more definite statement in regard to the court proceedings leading up to such decree, but urges that it is sufficient as against demurrer. We think the complaint sufficient upon demurrer, in view of the direct averment as to ownership. It does not necessarily follow from the averments, as made, that the claim of ownership rests entirely upon the decree; but the fact of ownership is alleged, and also plaintiff's right to rent. It is insisted that the relation of landlord and tenant must have existed, and that the complaint does not show the said relation. Under our statute, Pierce's Code, § 1170, subd. 3, [Rem. Comp. Stat., § 812], the action may be maintained by 'the person entitled to the rent.'"

Just so in the present case. The respondents entered into possession of the premises as tenants of another than the appellants, after which the one who put them in possession lost all rights in and to the premises by the forfeiture of his contract to purchase the property. Upon the forfeiture of the contract, the appellants alone were entitled to the rents, and as such were qualified to maintain this action, under the facts proven at the trial and under the section of the code referred to, they being "the persons entitled to the rent."

Subdivision 3 of § 1170, Pierce's Code, referred to in the opinion in *State v. Pittenger, supra,* has continued to be in force at all times since the date of that opinion. Subdivision 3, § 812, Rem. Comp. Stat.

There is no contradiction in the proof that the reasonable rental value of the premises at the time in question was $22.50 per month. We reach the conclusion that the judgment must be, and it is, reversed, with directions to the superior court to enter judgment for the appellants as prayed for in their complaint, including a money judgment in double the sum of $22.50 per month for the time the possession of the premises was detained from the appellants by the respondents, as provided by § 827, Rem. Comp. Stat. [P. C. § 7985].

TOLMAN, C. J., FULLERTON, HOLCOMB, and MACKINTOSH, JJ., concur.