[No. 26429-0-I.   Division One.   September 16, 1991.]

CHARLES SARVIS, ET AL, *Respondents*, v. LAND RESOURCES, INC., *Defendant*, ROBERT RUX, *Appellant*.

---

*Donald J. Koler* and *Martin, Koler & Lucas,* for appellant.

*Julian C. Dewell, Christopher J. Knapp* and *Anderson, Hunter, Dewell, Baker & Collins,* for respondents.

WEBSTER, A.C.J. — Robert Rux appeals from an order denying his motion to vacate a default judgment. He claims that (1) the trial court erred in denying his motion since the default judgment was void for lack of jurisdic-

tion; (2) his due process rights were violated since the relief granted in the default judgment was different in kind from that which was prayed for; (3) the court had a duty to dismiss the case under CR 60 since Sarvis misrepresented to the court that it had jurisdiction under RCW 59.18.290; and (4) the trial court erred in imposing CR 11 sanctions.

## FACTS

In December of 1987, Charles and Hazel Sarvis (Sarvis) agreed to lease their property to Land Resources, Inc. (hereinafter LRI). Rux, sole shareholder, officer and director of LRI, signed the "Lease with Option to Purchase" in his capacity as president of LRI. Rux did not sign the agreement personally.

The original lease term was for 12 months but was extended to December of 1989. After the lease expired, Rux continued in possession of the real property. The lease was not renewed and Sarvis filed a complaint for unlawful detainer on December 22, 1989, which was served upon Rux personally.

On March 6, 1990, after Rux failed to appear for trial, Sarvis sought a default order. LRI 's attorney, who is Rux's attorney here, moved to stay the proceedings since LRI had filed for bankruptcy. The court stayed the proceedings against LRI but not against Rux.[1] The court then entered the default order, held that Rux was subject to eviction under RCW 59.18.290, and awarded rent and attorney's fees.

On May 17, 1990, Rux filed a motion to vacate the judgment under CR 60(b), claiming that the judgment was void for lack of jurisdiction. On May 30, 1990, the court denied the motion and imposed $350 in sanctions under CR 11.

---

[1] The case between Sarvis and LRI has been resolved. The court ordered LRI to vacate the premises.

DISCUSSION

Jurisdiction

Rux first claims that the trial court lacked jurisdiction to enter the default judgment since Rux never signed the lease agreement personally but rather in his capacity as president of LRI. Therefore, according to Rux, he could not fall under RCW 59.18 (the Landlord Tenant Act), as the trial court held,[2] since he was not a "tenant" for the purposes of the act. *See Brickum Inv. Co. v. Vernham Corp.*, 46 Wn. App. 517, 731 P.2d 533 (1987). Sarvis, in rebuttal, claims that Rux was "in possession" as a tenant by sufferance under RCW 59.04.050 and, therefore, the trial court had jurisdiction.[3]

■ We find that Rux was a tenant by sufferance and, therefore, a "tenant" for purposes of the Landlord Tenant Act. RCW 59.04.050 defines a tenant by sufferance:

> Whenever any person *obtains possession* of premises *without the consent of the owner . . .*, he shall be deemed a tenant by sufferance merely, and shall be liable to pay reasonable rent for the actual time he occupied the premises, and shall forthwith on demand surrender his said possession to the owner . . ..

(Italics ours.) Here, Rux, by residing on the property, had "obtained possession". After the expiration of the term of

---

[2] The trial court held that Rux was subject to eviction under RCW 59.18.290. RCW 59.18.290 reads in part:

**Removal or exclusion of tenant from premises — Holding over or excluding landlord from premises after termination date. . . .**

"(2) It shall be unlawful for the tenant to hold over in the premises or exclude the landlord therefrom after the termination of the rental agreement except under a valid court order so authorizing. Any landlord so deprived of possession of premises in violation of this section may recover possession of the property and damages sustained by him, and the prevailing party may recover his costs of suit or arbitration and reasonable attorney's fees."

[3] Rux rebuts Sarvis' reliance on RCW 59.04.050 by citing RCW 59.04.900 which states: "This chapter does not apply to any rental agreement included under the provisions of chapter 59.18 RCW [*i.e.*, the Landlord Tenant Act]." However, the case here does not concern a rental agreement, but instead whether an unlawful detainer action can be brought against a tenant by sufferance.

LRI 's lease, Rux's occupation was without Sarvis's consent.

In *Lake Union Realty Co. v. Woolfield*, 119 Wash. 331, 205 P. 14 (1922), the court held

> The appellant argues that, before [an unlawful detainer] action can be maintained, it is necessary that the conventional relation of landlord and tenant shall exist between the parties . . . .. [However], one who enters upon the land of another without permission and without color of title is within purview of the [unlawful detainer] statute, notwithstanding the conventional relation of landlord and tenant [does] not exist.

(Citations omitted.) *Woolfield*, at 334; *see also Williamson v. Hallett*, 108 Wash. 176, 182 P. 940 (1919); *Meyer v. Beyer*, 43 Wash. 368, 86 P. 661 (1906).[4] The fact that Rux's tenant status is bestowed under the tenant-by-sufferance statute has no bearing. Rux is still subject to an unlawful detainer action. This being the case, the trial court had jurisdiction since Rux was in possession of the property without the owner's consent after the lease term expired.

## ATTORNEY 'S FEES

Rux next argues that the default judgment must be voided since the relief requested in Sarvis's complaint was different "in kind" from the relief ultimately granted. Rux cites *Conner v. Universal Utils.*, 105 Wn.2d 168, 712 P.2d 849 (1986), for the proposition that

> CR 54(c) provides, "A judgment by default shall not be *different in kind from or exceed in amount* that prayed for in the

---

[4] In *Meyer*, the court stated:

Respondent contends . . . that appellants cannot maintain this form of action [*i.e.*, unlawful detainer] . . . [since] there must be the conventional relation of landlord and tenant before the action can be sustained. . . .

. . . .

. . . Appellants urge that . . . [respondent] became, by operation of law, a tenant by sufferance whose tenancy appellants could terminate by an action for unlawful detainer . . . .. *It is possible, although we do not pass upon the question, that this contention could be upheld* . . . ..

(Italics ours.) *Meyer*, at 371. The court did not adopt appellant's argument since the court found that respondents could not have lacked the "consent of the owner" because respondents always claimed that they were the owners of the property. Here, unlike in *Meyer*, Rux has never claimed to be the owner of the property.

demand for judgment." A defendant has a due process right to assume that a default judgment will not exceed or substantially differ from the demand stated in the complaint. If the court awards relief that is other than or additional to what was requested in the complaint, the defaulting defendant is denied due process unless he is given notice and an opportunity to be heard.

(Citations omitted. Italics ours.) *Conner*, at 172-73.

■ Rux does not claim that the judgment exceeded the amount prayed for; therefore, he presumably is arguing that it is different in kind. The relief requested was "reasonable attorney's fees" under the lease agreement. However, the default judgment awarded attorney's fees pursuant to RCW 59.18.290 and not the lease. Here, Sarvis requested attorney's fees, and that was the relief granted. The fact they were granted by a different means than that which was requested does not make the judgment "different in kind".[5]

## MISREPRESENTATION

■ Rux next claims that the trial court erred in failing to vacate the judgment under CR 60(b).[6] According to Rux, Sarvis misrepresented to the court that it had jurisdiction under RCW 59.18.290 when Rux was not a party to the lease because he did not personally sign it. We disagree. First, a misrepresentation requires specific knowledge and intent by the wrongdoer. Rux has pointed

---

[5]Rux claims that since the contract between Sarvis and LRI was a lease with an "option to purchase", that the Landlord Tenant Act (specifically RCW 59.18.290 and the award of attorney's fees) is not applicable under RCW 59.18.415, which states:

The provisions of this chapter [*i.e.*, the Landlord Tenant Act] shall not apply to any lease of a single family dwelling . . . containing a bona fide option to purchase by the tenant: *Provided*, That an attorney for the tenant must approve on the face of the agreement any lease exempted from the provisions of this chapter as provided for in this section.

First of all, the statute, unlike the situation here, deals with the rental of a single-family dwelling. Second, the tenant's attorney (*i.e.*, Rux's attorney) did not approve the exemption on the face of the agreement.

[6]CR 60(b)(4) states: "[T]he court may relieve a party . . . from a final judgment . . . for the following reasons:

". . . .

"(4) Fraud . . . misrepresentation, or other misconduct of an adverse party;"

to no facts or circumstances indicating that Sarvis's counsel acted with intent to mislead. Second, having previously found that Rux was subject to an unlawful detainer action as a tenant by sufferance, Sarvis's claim that Rux fell under the Landlord Tenant Act was not a misrepresentation since this was in fact the case.

## CR 11 SANCTIONS

■ Finally, Rux claims that the trial court erred in imposing $350 in CR 11 sanctions against his attorney. The party appealing sanctions has the responsibility to submit a record adequate to permit review. If the record does not reflect that the trial court's decision was "manifestly uneasonable or based on untenable grounds", *In re Lasky*, 54 Wn. App. 841, 854, 776 P.2d 695 (1989), it should be affirmed. Therefore, under *Lasky*, the trial court's imposition of CR 11 sanctions is affirmed.

## ATTORNEY'S FEES ON APPEAL

■ Sarvis claims that since the trial court awarded him attorney's fees pursuant to RCW 59.18.290 at trial, this court should award him attorney's fees on appeal. We agree. "[A]n appellate court has inherent jurisdiction to fix attorneys' fees for services on appeal when allowable by contract or statute." *Brandt v. Impero*, 1 Wn. App. 678, 683, 463 P.2d 197 (1969); *see also Johnston v. Beneficial Mgt. Corp. of Am.*, 26 Wn. App. 671, 614 P.2d 661 (1980), *rev'd on other grounds*, 96 Wn.2d 708, 638 P.2d 1201 (1982). We find that since Sarvis was entitled to attorney's fees under the statute below, he is also entitled to attorney's fees under the statute on appeal.

The judgment is affirmed, and the matter is referred to the commissioner for determination of the proper amount of attorney's fees on appeal pursuant to RAP 18.1.

SCHOLFIELD and FORREST, JJ., concur.

Reconsideration denied October 22, 1991.

Review denied at 118 Wn.2d 1020 (1992).